ANNA WEIHER v. ADOLPH MEYERSHAM.

*Action for seduction by the victim.*

Comp. L. §§ 6195-7 are enabling and not restrictive in giving the right to sue for seduction to representatives of the injured woman ; and they do not deprive her of her right as it existed at the common law, or otherwise, to sue in her own name, and for her own benefit.

Error to the Superior Court of Detroit. (Chipman, J.), April 24.—June 13.

CASE. Defendant brings error. Affirmed.

*Henry G. Holmes* for appellant.

*Otto Kirchner* for appellee.

GRAVES, C. J. The plaintiff alleged in substance as her cause of action that under a fraudulent promise of marriage by the defendant, upon which she relied as being in good faith, but which was in fact made with intent to corrupt her chastity and entice her to America and away from her home and friends in Germany, he succeeded in his purpose and caused her to bear two children by him, and subsequently renounced her and refused to take her in marriage. She recovered damages and he alleged error.

It is questionable whether the record fairly raises any point whatever, or at least any which is not plainly frivolous. But if otherwise it is only this, that the plaintiff was not competent

to sue on the cause of action stated in the declaration.

The suit we are told is not on contract; is not for a violation of promise of marriage with circumstances of aggravation ; but upon a tort; on an imputed fraud and deception by which the plaintiff was ensnared and injured; and then it is said she was not entitled to sue in her own name for such an injury. The statute, we are informed, does not authorize an action by the seduced female, and Comp. L., §§ 6195, 6196 and 6197 are cited.

The nature of the action is correctly stated but the consequence is not well drawn. The statutory provisions, so far as they go, are enabling provisions, and not disabling or restrictive regulations. The purpose of the Legislature was to extend the bounds of remedial justice in this class of cases and confer a title to sue on particular representatives of the injured woman. A ground of action on her own account was fully recognized, and having provided that when of full age she might appoint a relative to sue, and hence implying that the suit would be for her right and in her behalf, it would be very unreasonable to impute to the Legislature a contrary idea and suppose that they regarded the cause of action as one which would belong to another. The design and effect were to furnish additional facilities for sueing on the cause of action arising to the woman and not to deprive her of any which then existed at the common law, or which might exist under favorable modifications.

In the absence of statutory regulations bearing on the subject it has been said by several courts of distinguished ability that, notwithstanding the element of fraud practiced against her, the female is a consenting party in every case of seduction and for that reason is not entitled to complain for damages. *Paul v. Frazier* 3 Mass. 71 ; *Conn v. Wilson* 2 Overton 233 ; *Weaver v. Bachert* 2 Penn St. 80 ; *Woodward v. Anderson* 9 Bush 624 ; *Hamilton v. Lomax* 26 Barb. 615.

Without pausing to examine the soundness of this doctrine it is sufficient to say here that our statutes before cited imply most distinctly a right of action, and also a right to enforce it in the name of the injured female if of full age.

The record disclosing nothing else worthy of notice, it follows that the judgment should be affirmed with costs.

COOLEY and CAMPBELL, JJ. concurred.