ALBERT *v.* CHAMBERS.

1. CONSTITUTIONAL LAW—SELF-INCRIMINATION.
    Provision against self-incrimination in Constitution is to be liber-
    ally construed (Const 1908, art 2, § 16).

2. SAME—SELF-INCRIMINATION—DAY IN COURT.
    A defendant's assertion of his constitutional right against self-
    incrimination need not deprive the plaintiff of his right to
    judicial determination of his rights against defendant (Const
    1908, art 2, § 16).

3. PLEADING—DECLARATION—ANSWER—COURT RULE—DAMAGES.
    There is no inconsistency between section of court rule requiring
    a defendant to make answer to each allegation in the declara-
    tion as to which he has knowledge and providing that every
    material allegation in the declaration not answered shall be
    taken as admitted by the defendant and section prescribing
    method by which issue of amount of damages only may be
    raised (Court Rule No 23, §§ 2, 8 [1945]).

4. SAME—DAMAGES—ANSWER.
    A pleading denying the amount of damages claimed in a declara-
    tion does not obviate the requirement that an answer be filed
    (Court Rule No 23, §§ 2, 8 [1945]).

5. SAME—DENIAL OF DAMAGES—ADMISSION OF LIABILITY.
    A defendant in an action for damages arising from death of
    plaintiff's decedent may not avoid the necessity of filing an
    answer by denying the amount of damages claimed in the
    declaration, since the failure to deny material allegations of
    the declaration establishing liability constitutes an admission
    of such allegations (Court Rule No 23, §§ 2, 8 [1945]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 37.
[3, 5] 41 Am Jur, Pleading § 198.
[7] 3 Am Jur, Appeal and Error §§ 770, 776.

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—INTERLOCUTORY OR-
DER—DAMAGES—LIABILITY.

Questions as to admissibility of evidence must first be decided
by the trial judge, hence will not be determined on appeal from
interlocutory order denying defendant's motion to withdraw
answer and substitute a special plea limiting the triable issue
to the question of the amount of damages claimed by plaintiff
without making any determination as to liability for the dam-
ages (Court Rule No 23, §§ 2, 8 [1945]).

7. SAME—QUESTIONS REVIEWABLE—SPECIAL VERDICT—BRIEFS.

Question as to special verdict is not discussed by Supreme Court,
where it is neither presented nor argued in appellant's brief
(Court Rule No 67, § 1 [1945]).

Appeal from St. Clair; Stewart (Shirley), J. Sub-
mitted September 30, 1952. (Calendar No. 45,571.)
Decided December 9, 1952.

Case by Edna J. Albert, administratrix of the es-
tate of Alexander Albert, deceased, against Grant E.
Chambers and wife for damages suffered as result
of negligence causing death of plaintiff's decedent.
Motion of defendants to withdraw answer and sub-
stitute special plea relating to damages only and to
limit trial to damages denied. Defendants appeal.
Affirmed and remanded for further proceedings.

*William V. Simpson,* for plaintiff.

*Black, Bush & Bradt,* for defendants.

BUSHNELL, J. Plaintiff Edna J. Albert is the spe-
cial administratrix of the estate of Alexander Albert,
deceased, whose death resulted from an automobile
collision in St. Clair county about 3 a.m. on Novem-
ber 11, 1951. It is charged in the declaration that
plaintiff's decedent was free from any negligence,
and that the defendant, Rosella M. Chambers, was
guilty of negligence while driving an automobile be-

longing to her husband, defendant Grant E. Chambers, with his knowledge and consent.

Plaintiff's decedent, her husband, was 41 years of age, with a life expectancy of 27.45 years. He was the father of 3 dependent children; at the time of his death he was earning about $3,800 a year. It is alleged that he lived for a short time after the accident, during which he suffered great pain and agony. Plaintiff claims damages in the sum of $35,000. The declaration filed on January 30, 1952, was answered by defendants on February 19, 1952, who later demanded a jury trial.

At defendants' request, a pretrial conference, under the provisions of Court Rule No 35, § 4 (1945), was ordered on April 29, 1952. A pretrial statement was filed on May 20, 1952. Plaintiff's formal answer to this pretrial statement was not filed until June 17, 1952, subsequent to the trial judge's determination of the matters raised at the pretrial conference.

Defendants said in their pretrial statement that it was their intention to move the court for leave to withdraw their answer and substitute in place thereof "a special plea under Court Rule No 23, § 8 (1945) which limits the triable issue to the question of amount of damages claimed by plaintiff." Appended to the defendants' pretrial statement were 3 motions, in substance, as follows:

(1) For leave to withdraw their answer and substitute in place thereof a special plea; (2) for a pretrial order "limiting the trial, all statements and arguments of counsel, and all of the evidence to be submitted, to the specially-pleaded issue only;" and (3) "for instruction to the jury, under Court Rule No 37, § 7 (1945) that no general verdict be returned and that a special verdict in writing, directed solely to the assessment of the amount of plaintiff's damages, be found and reported to the court." The trial judge, after hearing arguments, denied defendants'

motions. We granted leave to appeal from this interlocutory order.

The trial judge added a supplemental statement to the certified concise statement in which he said:

"The trial court desires to call attention to the fact that he believes the real issue here involved boils down to the following proposition:

"Defendants' counsel contend that under Court Rule No 23, § 8 (1945), neither plaintiff's counsel nor the trial court shall at any stage of the proceedings, nor in the court's instruction to the jury, advise them that defendant, Rosella M. Chambers, was negligent or that plaintiff was free from contributory negligence.

"As the trial court understands the defendants' position, this they claim would be true even if they had specifically pleaded Rosella M. Chambers' right to assert the privilege of freedom from self-incrimination, rather than suggesting it in the pretrial application.

"The trial court does not agree with this position, and defendants desire a ruling of the Supreme Court before trial, on this, and other questions raised in their motions. Plaintiff's counsel urge that the questions raised be submitted to the Supreme Court before trial."

Appellants argue here that a defendant who elects to plead under Court Rule No 23, § 8 (1945) is not required to admit, by answer, all the liability allegations of the declaration, because such requirement would violate the constitutional right of defendant Rosella M. Chambers to protection against self-crimination. They further argue that the trial judge's refusal to permit withdrawal of the answer and to allow substitution of the proposed plea was an abuse of judicial discretion.

In *Joslin* v. *Noret,* 224 Mich 240, 244, we said:

"This State has aligned itself with those States, which have given the constitutional provision (Const 1908, art 2, § 16) a liberal construction." (See, also, CL 1948, § 617.59 [Stat Ann § 27.908].)

That action was to recover money paid for certain corporate stock sold in violation of the blue sky law. (CL 1915, § 11945 *et seq.* [see CL 1948, § 451.101 *et seq.* (Stat Ann § 19.741 *et seq.*)]). The defendant was compelled to give testimony which clearly established that he had violated the penal provisions of the act. It was held that a directed verdict based on such testimony constituted reversible error.

This proposition was reiterated in *People, ex rel. Moll,* v. *Danziger,* 238 Mich 39 (52 ALR 136). That case was an action to abate a nuisance, *i.e.,* to prevent the use of premises for purposes of lewdness, assignation and prostitution. In discussing certain authorities which hold that a defendant may not be required in his answer to state facts which would tend to criminate himself, we said in the *Moll Case* on page 44 that these authorities "should not be taken as holding that a bill seeking general equitable relief may not be maintained at all when a defendant, to answer truthfully, must disclose facts which would tend to criminate himself. His rights must be protected, but the fact that his conduct has been such as to justify a criminal prosecution does not preclude the other party from seeking against him appropriate equitable relief." Again on page 48 it was pointed out that:

"The constitutional rights of the defendant must be protected, but the constitutional rights of the plaintiff to his day in court must be likewise protected."

In discussing the holding in *Ridge* v. *State, ex rel. Tate,* 206 Ala 349 (89 So 742) which we approved in part and disapproved in part, we said:

"The assertion of a constitutional right should not deprive a party of his day in court. If it did, a constitutional right is but a shadow and its assertion only serves to ensnare the one asserting it."

We also said in the *Moll Case:*

"We are persuaded that defendants' rights may be preserved and preserved in an orderly way under Circuit Court Rule No 25, § 3 (Now Court Rule No 23, § 7 [1945].). * * *

"In its answer defendant may assert its constitutional right to decline to answer such paragraphs of the bill as call for an answer which under this opinion violates such rights. The defendant, of course, is not the sole judge of such question."

Defendants' present position is that Court Rule No 23, § 8 (1945), stands alone and, if used, makes an answer at law unnecessary, notwithstanding the requirements of section 2 of the rule. The applicable portions of these sections read:

"Sec. 2. Every answer shall contain an explicit admission or denial of each allegation in the declaration or bill of complaint as to which the defendant has knowledge or belief. * * * Every material allegation in the declaration or bill to which the defendant shall not make answer shall be taken as admitted by the defendant. In connection with every denial, the answer shall set forth the substance of the matters which will be relied upon to support such denial."

"Sec. 8. Where any defendant wishes to raise an issue as to the amount of damages only, he may plead as a defense a denial of the amount of damages claimed."

In the certified concise statement, the trial judge said:

"The proposed special plea neither admits nor denies liability, and counsel have so conceded."

Defendants' claim, that the triable issue can be

limited to merely the amount of damages, is untenable. There is no inconsistency between the sections of Court Rule No 23. The language of section 8 means just what it says, *i.e.*, when the defendant wishes to raise an issue as to the amount of damages only, he may so plead.

Defendants' motion to withdraw their answer and substitute the damage plea requires the conclusion that they say, in effect: We admit, by our failure to answer, that we are liable, but we deny that we are liable in the amount of damages which you claim. We therefore ask the court to take testimony relating to the amount of damages and to instruct the jury regarding the applicable law in order that they may determine the proper amount for which we are liable. This damage plea does not obviate the requirement that an answer be filed.

That portion of the rule which deals with answers at law and in equity requires the defendants to answer the allegations of the declaration. However, those allegations may be either admitted or denied. If a material allegation in the declaration is not answered, the rule provides that it shall be taken as admitted.

Defendants urge that the "special" provisions of section 8 exclude the general provisions of section 2, under the rule of statutory construction stated in *Winter* v. *Royal Oak City Manager*, 317 Mich 259, 265. Decision there is not applicable here, because that case involved conflicting acts and charter provisions. The various sections of the rule in question were adopted contemporaneously and are neither conflicting in fact nor by presumption.

It is suggested that we should predetermine the admissibility of evidence that may be produced at the trial. This we decline to do, because questions of admissibility must first be decided by the trial judge.

. The special verdict question is neither presented nor argued in appellants' brief. See Court Rule No 67, § 1 (1945).

The order of the trial judge is affirmed. The cause is remanded for further proceedings not inconsistent with this opinion. Costs to appellee.

ADAMS, C. J., and DETHMERS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.