Fuld, J.
We are concerned on this appeal solely with the sufficiency of the first cause of action set forth in the complaint before us. In essence, after specifying that the plaintiff and the defendant are residents of this State, the complaint alleges that the defendant, upon leading the plaintiff to believe that he intended to marry her, arranged a sham marriage ceremony in New Jersey—with bogus judge, pretended witnesses and faked papers — and that the plaintiff, accepting the bona fides of the defendant and the legitimacy of the ceremony, proceeded to live with him as his lawfully wedded wife. More specifically, the complaint recites that the defendant, advising the plaintiff that they were there to be married, persuaded her to go with him to New Jersey and participate in what he told her, and she in good faith thought, was a genuine marriage ceremony; that, following such ceremony, the parties returned to New York City where, among other places, they lived and cohabited as husband and wife until, approximately nine months later, the defendant announced to the plaintiff (for the first time) that the ceremony had been a fake, that they had not been legally married and that he planned to marry someone else. Substantial damages are sought for the injuries assertedly suffered by the plaintiff.
The defendant, contending that the cause of action was one not for fraud and deceit but for seduction or breach of promise to marry and, as such, outlawed by the so-called heart balm statute (former Civ. Prac. Act, art. 2-A, § 61-a et seq., now Civil Rights Law, art. 8, § 80 et seq.), moved to dismiss it for legal insufficiency. The court at Special Term denied the motion but the Appellate Division, by a closely divided vote, reversed and dismissed the challenged count.
*344 There is no question that an action for deceit will lie where the defendant has induced the plaintiff to “ marry ” and cohabit with him on the fraudulent representation that he was unmarried (see, e.g., Blossom v. Barrett, 37 N. Y. 434; Benintendi v. Benintendi, 298 N. Y. 848, affg. 273 App. Div. 969, affg. 1 Misc 2d 474; Friedman v. Libin, 3 A D 2d 827, affg. 4 Misc 2d 248; see, also, Morris v. MacNab, 25 N. J. 271), and we perceive no reasonable basis for differentiating between a defendant’s fraud with respect to his capacity to marry—leading to a bigamous relationship (Domestic Relations Law, § 6) — and his fraud with respect to the celebration of a pretended or bogus marriage between the parties — leading to an equally void relationship (Domestic Relations Law, § 11). The distinction sought to be drawn by the Appellate Division between the two types of cases — namely, that, in those cases sustaining a cause of action for fraudulently inducing a bigamous or other marriage duly solemnized in accordance with law but void or voidable for facts collateral to the solemnization, the gravamen of the wrong “ is not the unfulfilled promise of marriage and fraud and deceit in connection therewith but, rather * * * the fraudulent consummation of a marriage” — impresses us as both elusive and unreal. As one commentator aptly observed, ‘ ‘ The plaintiff would appear to be as effectively unmarried and seduced in one case as in the other.” (Grlasser, Torts, 1963 Survey of New York State Law, 15 Syr. L. Rev. 339, 343.) In both cases, the defendant is charged with taking affirmative fraudulent steps which result in damage to the plaintiff and, certainly, the circumstance that proof may be more easily obtained to establish the marriage ceremony in the case of a bigamous marriage can have no possible bearing on the sufficiency of a pleading.
Although we have come upon no case in this State involving a sham marriage ceremony, the few decided in other jurisdictions support the plaintiff’s position that, with respect to an action for deceit, no distinction is to be made between a defendant’s fraud concerning his capacity to marry and his fraud concerning the celebration of the marriage between the parties. (See Jekshewitz v. Groswald, 265 Mass. 413; Sears v. Wegner, 150 Mich. 388, 392; Alexander v. Kuykendall, 192 Va. 8, 12; see, also, Spellens v. Spellens, 305 P. 2d 628, 641, mod. on other grounds 49 Gal. 2d 210; Prosser, Torts [2d ed., 1955], p. 521; *345 Note, 72 ALR 2d 956, 976, 981-982.) As we have already indicated, this seems to us plainly right. An innocent woman who is deceived into contracting a void marriage and who thereafter cohabits with her putative spouse in the performance of her supposed conjugal obligations is entitled to recover damages in an action for deceit, and it matters not whether the marriage is void because bigamous or void for the reason that the ceremony leading to it was a sham.
Nor may the defendant hide behind the statute which abolished rights of action for “ alienation of affections, criminal conversation, seduction, or breach of contract to marry ” (former Civ. Prac. Act, § 61-b, now Civil Rights Law, § 80). This legislation was not designed to, and did not, outlaw a cause of action for inducing a woman to enter into a void marital relationship by means of a sham and pretended ceremony. While a promise of marriage may underlie both this type of action and those encompassed by the statute, the Avrong complained of by the plaintiff in this case is not that the defendant seduced her or that he broke his promise to marry her but that he induced her to live with him as his wife by falsely representing that the ceremony, which he had arranged, was legitimate and that they were duly and properly married.
The woman who permits herself to be seduced by a promise of marriage knows full well that she is entering into an immoral and meretricious relationship. Completely lacking in such a case — grounded solely upon a breach of promise — is the change of status or, more precisely, the good faith supposed change of status on the part of the woman deceived. In the present case, at least according to the allegations of the complaint which we must at this stage accept as true, the plaintiff believed, in good faith, that the ceremony, performed by one apparently an official and in the presence of witnesses, was what it seemed to be, that she was being legally married to the defendant and that their subsequent cohabitation Avas truly as husband and wife.[1]
*346 In short, if the allegations of the complaint are true, there was here not merely a promise of marriage but a fraudulent representation that the ceremony was bona fide and that the plaintiff and the defendant had thereby been joined in wedlock. This being so, as Appellate Division Justice McNally noted in the course of his dissenting opinion, the present action ‘‘ is not a subterfuge to circumvent the statutory prohibition against actions for breach of promise to marry. A statute designed to prevent fraud should not unnecessarily be extended by construction to assist in the perpetration of a fraud. * * * It is not the public policy to enable the utilization and exploitation of the marriage ceremony for a fraudulent purpose be it in the form of a bigamous or sham marriage ”.
The order of the Appellate Division should be reversed, with costs in this court and in the Appellate Division, and so much of the order entered at Special Term as denied the defendant’s motion to dismiss the first cause of action should be reinstated.
Chief Judge Desmond and Judges Dye, Burke, Scileppi and Bergan concur with Judge Fuld; Judge Van Voorhis dissents and votes to affirm.
Order reversed, with costs in this court and in the Appellate Division, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein.

. Since our decision upholding the sufficiency of the plaintiff’s cause of action is made in the light of the allegations contained in the complaint, there is no need or occasion to consider what our determination would be in a case — alluded to by the defendant — in which the fraudulent representations assertedly relied upon concerned the validity of a common-law marriage.