NICHOLSON *v.* HAN.

1. ACTION—ALIENATION OF AFFECTIONS.
   Actions for alienation of affections and criminal conversation have been abolished by statute (CLS 1961, § 600.2901).

2. PLEADING—SUMMARY JUDGMENT.
   Defendant's motion for summary judgment may be based on the ground that plaintiff's complaint fails to state a claim on which relief can be granted; but for the purpose of considering such a motion, every well-pleaded allegation of fact in the complaint is assumed to be true (GCR 1963, 117).

3. ACTION—ALIENATION OF AFFECTION.
   The revised judicature act has unquestionably spelled out a legislative decision to abolish *all* actions for alienation of affections, and the abolition extends beyond the orthodox action for alienation of a spouse (CLS 1961, § 600.2901).

4. STATUTES—JUDICIAL INTERPRETATION.
   A bare reading of a statute is sufficient and no interpretation by the courts is necessary when the language employed by the legislature is plain, certain and unambiguous.

5. PHYSICIANS AND SURGEONS—SPECIAL CONTRACTS.
   A doctor and his patient, having the same general liberty to contract with respect to their relationship as other parties, may enter into special agreements for the performance of certain services, and the doctor may warrant a cure; however, merely therapeutic reassurances given by the doctor to his patient must not be converted into a binding promise.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 9] 41 Am Jur 2d, Husband and Wife § 463.
[2] 41 Am Jur, Pleadings § 340 *et seq.*
[4] 50 Am Jur, Statutes § 225.
[5, 6] 41 Am Jur, Physicians and Surgeons § 105.
[7] 41 Am Jur, Pleadings § 77 *et seq.*
[8] 41 Am Jur 2d, Husband and Wife §§ 466, 476.

6. Same—Contract for Cure.

It cannot be said that a patient and his doctor may not make an express contract for performing psychiatric services containing a warranty of cure, but such must clearly appear from what was said by the parties at the time of the making of the agreement.

7. Action—Theory of Recovery—Character of Damages Claimed.

The form of an action cannot always be determined from the character of the damages claimed, for the determination requires knowledge of the source or origin of the duty, the nature of the grievance, and what is said concerning them in the pleading of the cause.          .

8. Same—Alienation of Affections—Criminal Conversation.

The gist of an action for alienation of affections was loss by plaintiff of his wife's society, services, and comfort by means of the tortious conduct of the defendant; and the gist of an action for criminal conversation was proof of an actual marriage plus adulterous intercourse (CLS 1961, § 600.2901).

9. Pleading—Nature of Claim.

Complaint containing allegations that defendant doctor used the pretext of rendering psychiatric help and marriage counseling service to deprive plaintiff of the services, companionship, and marital relationship of his wife by inducing her to engage in a sexual relationship and to divorce plaintiff, *held*, to be a complaint based on alienation of affections and criminal conversation and not on breach of contract and fraud, and therefore to be barred by statute (CLS 1961, § 600.2901).

Appeal from Oakland, Adams (Clark J.), J. Submitted Division 2 January 8, 1968, at Lansing. (Docket No. 2,399.) Decided June 25, 1968.

Complaint by Chris Nicholson, Jr. against Maolin Han, M.D., for breach of contract, malpractice, assault and battery, negligence, and fraud. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Condit, Denison, Devine, Porter & Bartush,* for plaintiff.

*Feikens, Dice, Sweeney & Sullivan (Joseph Levin,* of counsel), and *John Houston,* for defendant.

LESINSKI, C. J.   The circuit court granted defendant's motion for accelerated judgment[1] and entered an order for summary judgment of dismissal[2] from which the plaintiff appeals.   The court believed the substance of the plaintiff's claim to be in the nature of an action for "alienation of affections, charging criminal conversation and seduction of a person over the age of 18 or more years" and therefore barred by statute.[3]

Defendant's motion for summary judgment was "governed by GCR 1963, 117, which permits such motion to be based, as it was here, on the ground that plaintiff's complaint failed to state a claim upon which relief can be granted.   For the purpose of that motion, both at the trial and appellate levels, every well-pleaded allegation [of fact] in the complaint is assumed to be true." *Bielski* v. *Wolverine Insurance Company* (1967), 379 Mich 280, 283.   Accordingly, the following facts and allegations of fact which frame the legal issues are taken from the amended complaint and other papers filed in this cause.

Mr. Nicholson, the plaintiff herein, and his wife Marilyn, were experiencing marital difficulties.   In December, 1960, plaintiff had occasion to consult the defendant, Dr. Maolin Han, a licensed physician, concerning an injury to plaintiff's left foot.   During

---

[1] GCR 1963, 116.
[2] GCR 1963, 117.
[3] CLS 1961, § 600.2901 (Stat Ann 1962 Rev § 27A.2901); CL 1948, §§ 551.301, 551.302 (Stat Ann 1957 Rev §§ 25.191, 25.192).

the course of treatment, plaintiff told the doctor about his marital problems and received an offer of help. The plaintiff avers that defendant offered to reconcile plaintiff's marital problems through the use of psychiatry and other means and warranted that his marital relations would improve. Defendant told plaintiff that he had been successful with other patients. The plaintiff and his wife consulted defendant in his role as a psychiatrist and marriage counselor in December, 1960, and in 1961 and 1962; however, the plaintiff's marital situation deteriorated to such a point that Marilyn Nicholson obtained a divorce in February, 1962. The plaintiff had occasion to visit Northville State Hospital in the fall of 1964 and saw there a hospital record relating to his wife. The record revealed that Marilyn Nicholson told her physicians that she had been intimate with defendant. Later Marilyn Nicholson told plaintiff that her personal relationship with the doctor began in 1961 and continued into 1964. The plaintiff claims no knowledge of the relationship between defendant and his wife until he saw the hospital record in the fall of 1964.

The plaintiff brought this action against defendant charging him with utilizing the doctor-patient relationship to seduce plaintiff's wife. The amended complaint contains five counts alleging: (1) breach of contract, (2) malpractice, (3) assault and battery, (4) trespass on the case (negligence) and (5) fraud. Each count contains an allegation to the effect that defendant used the pretext of rendering psychiatric and marriage counseling services to deprive plaintiff of the services, companionship, and marital relationship of his wife by inducing her to engage in a sexual relationship and to divorce plaintiff. The plaintiff stated in opposition to the motions for accelerated and summary judgment that "there can

be no doubt that plaintiff's amended complaint in-
cludes elements which used to be recoverable
through actions for criminal conversation or aliena-
tion of affections. However, that fact does not im-
munize defendant from suit."

The lower court found plaintiff's entire claim to
be based upon torts abolished by statute and dis-
missed the action. The plaintiff appeals the court's
ruling as respects counts 1 and 5 of the amended
complaint for breach of contract and fraud.

The question before us is whether counts 1 and
5 of the amended complaint plead causes of actions
unaffected by the statutory bar. CL 1948, § 551.301
(Stat Ann 1957 Rev § 25.191), reads as follows:

"All civil causes of action for alienation of affec-
tions, criminal conversation, and seduction of any
person of the age of 18 years or more, and all
causes of action for breach of contract to marry
are hereby abolished."

The provisions of CL 1948, § 551.301, *supra,* were
substantially re-enacted as CLS 1961, § 600.2901
(Stat Ann 1962 Rev § 27A.2901), in the following
language:

"The following causes of action are abolished:
"(1) alienation of the affections of any person,
animal, or thing capable of feeling affection, what-
soever;
"(2) criminal conversation;
"(3) seduction of any person of the age of 18
years or more;
"(4) breach of contract to marry."

In *Miller* v. *Kretschmer* (1965), 374 Mich 459,
461, the Supreme Court concluded that "the re-
enactment of the above section [CL 1948, § 551.301],
as modified by the legislature, has unquestionably
spelled out a legislative decision to abolish all ac-

tions for alienation of affections." *Miller* v. *Kretschmer, supra,* teaches that the ambit of the re-enacted statute extends beyond the orthodox action for alienation of a spouse for loss of consortium, conjugal society, and assistance of the other spouse.

We have momentarily digressed from our main inquiry concerning the nature of the appealed counts to make plain the fact that Michigan courts have taken the statute to mean exactly what it says. Further, it has been held that a bare reading of the statute is sufficient and no interpretation is necessary when the language employed by the legislature is plain, certain, and unambiguous. *Van Antwerp* v. *State* (1952), 334 Mich 593. And "a plain and unambiguous statute is to be applied, and not interpreted, since such a statute speaks for itself, and any attempt to make it clearer is a vain labor and tends only to obscurity." *City of Lansing* v. *Township of Lansing* (1959), 356 Mich 641, 649.

A reading of the statute here in question reveals no ambiguity or delphic meaning in the clear language employed by the legislature.

Count 1 alleges that defendant failed to perform a special agreement to reconcile and improve plaintiff's marital problems through the use of psychiatry and other means, "in that he failed to constructively counsel plaintiff and his wife and in that defendant failed to use psychiatry and in that he in fact induced plaintiff's wife to become friendly and intimate and to have sexual intercourse with defendant and induced plaintiff's wife to obtain a divorce from plaintiff."[4]

The plaintiff cites *Stewart* v. *Rudner* (1957), 349 Mich 459, and *Johnson* v. *Caldwell* (1963), 371 Mich 368, in support of his proposition that defendant

---

[4] Count 5 of the amended complaint claiming fraud contains identical language.

doctor made a special agreement enforceable under
Michigan law.  In the *Stewart Case,* the Court found
that the language of the parties gave rise to an
express promise on the part of the defendant physi-
cian to perform a caesarean section and that he
breached the special agreement by failing to per-
form the operation at the mother's full term.  In
the *Johnson Case,* the language of the parties again
indicated that the physician had made a special
agreement to treat the plaintiff during and after
pregnancy.   The failure to provide proper *post
partum* treatment was held a breach of contract.

The Court said in *Stewart* v. *Rudner, supra,* pp
467, 468:

> "We have now to consider the contract made.  A
> doctor and his patient, of course, have the same
> general liberty to contract with respect to their rela-
> tionship as other parties entering into consensual
> relationship with one another, and a breach thereof
> will give rise to a cause of action.  It is proper to
> note, with respect to the contracts of physicians,
> that certain qualitative differences should be ob-
> served, since the doctor's therapeutic reassurance
> that his patient will be all right, not to worry, must
> not be converted into a binding promise by the dis-
> appointed or quarrelsome.  These qualifications we
> have in mind as we proceed."

This Court considers the above language espe-
cially salutary in this case where the plaintiff alleges
a special agreement to effect a psychiatric cure re-
lated to the marital relationship.  The warranties
and representations alleged by plaintiff to show a
special agreement to reconcile a marriage are, in
another sense, *qualitatively different* from the spe-
cial agreements found in the *Stewart* and *Johnson
Cases.*  This is not to say that a patient and his
doctor cannot make an express contract for psy-
chiatric services containing a warranty of "cure,"

. but such must very clearly appear from what was said by the parties at the time of making. The Court held in *McInerney* v. *Detroit Trust Co.* (1937), 279 Mich 42, 46, that "an express contract may be defined as one in which the terms were openly uttered and avowed at the time of making." See, also, *Woods* v. *Ayres* (1878), 39 Mich 345.

We are persuaded moreover that the substantial cause of action pleaded in count 1 is for alienation of affections and criminal conversation, not for breach of contract.

It is stated in 1 Am Jur 2d, Actions, § 8, p 549:·

"The determination of whether an action is on contract or in tort requires knowledge of the source or origin of the duty, the nature of the grievance, and what is said concerning them in the pleading in the cause. The form cannot always be determined from the character of the damages claimed, although the relief demanded has in some cases been considered controlling. When the facts are plainly and distinctly stated, the action will be regarded either as one in tort or as one in contract, depending, first, upon the character of the remedy such facts indicate, and, second, upon what is the most complete and ample redress that the law affords upon the facts stated."[5]

Justice TALBOT SMITH put the matter admirably in a strong dissent in *Baatz* v. *Smith* (1960), 361 Mich 68, 76:

"The pleader insists he is relying on the contractual cause of action, and so, in truth, the declaration

_____

[5] The negligent breach of a contract involving misfeasance gives rise to an action for tort. See *Clark* v. *Dalman* (1967), 379 Mich 251; *Hart* v. *Ludwig* (1956), 347 Mich 559; and *Chase* v. *Clinton County* (1928), 241 Mich 478. And cases involving the statute of limitations have required that a determination be made whether the pleaded action was essentially a contract or tort. See *Baatz* v. *Smith* (1960), 361 Mich 68; and *Coates* v. *Milner Hotels, Inc.* (1945), 311 Mich 233.

reads, but it is hopeless to rely upon verbiage alone, unless the wheel has come full circle and lawsuits will once more, as in medieval times, stand or fall upon the words employed in the writ.

"We should in determining the cause of action pleaded, examine the essential allegations of the complaint as a whole, stressing neither particular words nor particular allegations taken out of context. [Footnote omitted.] If the substantial cause of action pleaded is a tort action, the tort limitation would follow. If contract, the longer period."

Count 1 does not allege two substantial causes of action. It is founded on allegations of breach of contract; but the gravamen of the action sounds in tort, that is, the substance of the allegations denominate a tort. *Clark* v. *Dalman* (1967), 379 Mich 251. "The authorities are uniform in holding that the nature of the action with respect to whether it is based on a breach of contract or sounds in tort must be determined by the gravamen, or essential facts or grievance as alleged, to be ascertained from a consideration of the pleading as a whole. 1 CJS, Actions, § 46, p 1100." *Williamson* v. *Pacific Greyhound Lines* (1944), 67 Cal App 2d 250 (153 P2d 990, 992).

The gist of the action for alienation of affections was "plaintiff's loss of his wife's society, services, and comfort by means of the tortious conduct of the defendant." *Perry* v. *Lovejoy* (1883), 49 Mich 529, 531. The gist of the action for criminal conversation was proof of an actual marriage plus adulterous intercourse. *Perry* v. *Lovejoy, supra.* The action for alienation of affections necessarily involves intent to induce the spouse to separate and malice is conclusively presumed in the case of adultery. See 27 Am Jur, Husband and Wife, § 523, p 125. It is clear that the facts alleged in count 1 of the amended complaint place it squarely within

the abolished actions, *i.e.*, the fact of plaintiff's marriage, the adulterous intercourse, the inducement to obtain a divorce and resulting loss of society, loss of services, pain and suffering rising from the marital relationship.

We are likewise persuaded that the claim of fraud in count 5 of the amended complaint falls squarely within the abolished actions. For here too, what is alleged constitutes an action for alienation of affections and criminal conversation in the same language found in count 1, and no action can be based thereon.

Affirmed, with costs to appellee.

McGregor and Canham, JJ., concurred.