Riccobono, J.
(dissenting). The plaintiff pursued her action for malpractice by alleging that over a period of some 13 months the defendant made sexual advances towards her with a lewd and lascivious motive and that he did in fact engage in sexual intercourse and other acts of carnal knowledge with her, in a purported furtherance of psychiatric treatment. Plaintiff further asserts that instead of assisting and curing her, the defendant’s therapeutic methods caused her permanent mental and emotional harm. This harm, it is alleged, was caused by the defendant’s failure to treat the plaintiff by acceptable medical procedures.
The right of action to recover a sum of money for seduction was abolished by virtue of former article 2-A of the Civil Practice Act, now section 80-a of the Civil Rights Law. Article 8 of the Civil Rights Law must be liberally construed to effectuate this purpose (Civil Rights Law, § 84). This legislation was passed as a matter of public policy because of the threat or danger of an action to recover money damages and the embarrassment and humiliation emanating from such scandalous causes of action.
In the case at bar, although the plaintiff was suffering from a number of emotional problems her competency was never placed in issue. Is it not fair to infer, therefore, that she was capable of giving a knowing and meaningful consent? For almost one and a-half years while this "meaningful” relationship continued, the plaintiff was not heard to complain. Upon the defendant terminating the relation, this lawsuit evolves.
The defendant obviously did not help his cause by denying what the jury found to be the fact, viz, that the defendant did have sexual relations with the plaintiff. Nevertheless, however ill-advised or ill-conceived was the choice of his defense, in my view this did not constitute malpractice. The plaintiff was still obliged to prove her case by the preponderance of the credible evidence, regardless of the defendant’s defense.
I neither condone the defendant’s reprehensible conduct, nor maintain that it was not violative of his professional ethics and Hippocratic oath. If, however, the defendant has committed a crime, let him be brought before the criminal halls of justice. For violation of his Hippocratic oath, if there be any, let him suffer the sanctions of the Medical Ethics Board or other appropriate medical authority. But let him not be convicted of his acts of misfeasance and malfeasance by *898 virtue of an action in malpractice. I might parenthetically add, that if the plaintiff is to succeed I am in total agreement with my colleagues that the plaintiff is not entitled to punitive damages and am likewise in full accord that her recovery should not exceed $25,000.
The relief sought by this plaintiff constitutes the closest approach to a conventional action for seduction, and hence must be treated as such. This is barred by section 80-a of the Civil Rights Law (Fernandez v Lazar, NYLJ, Sept. 15, 1971, p 19, col 6 [NY Sup Ct, Leff, J.]; Nicholson v Han, 12 Mich App 35). As so inextricably intertwined, I would reverse and dismiss the complaint.
Markowitz, P. J., and Tierney, J., concur, Markowitz, P. J., in concurring memorandum; Riccobono, J., dissents in separate memorandum.