COTTON v KAMBLY

Docket No. 45269. Submitted June 6, 1980, at Lansing.—Decided
    November 19, 1980. Leave to appeal applied for.

Bettina Cotton filed a complaint against Arnold Kambly, M.D.,
    and the University Center, Inc., alleging mental and emotional
    damages suffered when Dr. Kambly induced her to engage in
    sexual intercourse with him during the course or under the
    guise of psychiatric treatment. She alleged, among other things,
    malpractice as a cause of action. The Washtenaw Circuit Court,
    Harold E. VanDomelen, J., granted summary judgment for
    defendants for failure to state a cause of action, holding that
    plaintiff's causes of action had been abolished by statute. Plain-
    tiff appeals. *Held:*

    Seduction is the act of persuading or inducing a woman of
    previously chaste character to depart from the path of virtue
    by the use of any species of acts, persuasions or wiles which are
    calculated to have, and do have, that effect and result in her
    ultimately submitting her person to the sexual embraces of the
    person accused. A civil cause of action for seduction of a
    woman over 18 has been abolished. However, plaintiff alleged a
    valid cause of action for malpractice.

    Reversed.

1. TORTS — SEDUCTION — STATUTES.

    Seduction is the act of persuading or inducing a woman of
    previously chaste character to depart from the path of virtue
    by the use of any species of acts, persuasions or wiles which are
    calculated to have, and do have, that effect and result in her
    ultimately submitting her person to the sexual embraces of the
    person accused; a civil cause of action for seduction of a woman
    over 18 has been abolished (MCL 551.301, 600.2910; MSA
    25.191, 27A.2910).

REFERENCES FOR POINTS IN HEADNOTES
[1] 70 Am Jur 2d, Seduction §§ 1, 61.
[2] 61 Am Jur 2d, Physicians, Surgeons, and Other Healers § 50.
    Civil liability of doctor or psychologist for having sexual relation-
    ship with patient. 33 ALR3d 1393.

2. PHYSICIANS AND SURGEONS — MALPRACTICE — SEXUAL INTER-
COURSE.

    A female plaintiff who alleges that a male psychiatrist induced
her to engage in sexual relations with him as part of her
prescribed therapy states a valid cause of action for malprac-
tice.

*Marjory B. Cohen,* for plaintiff.

*Dice, Sweeney, Sullivan & Feikens, P.C.,* for
defendant Kambly.

Before: DANHOF, C.J., and M. J. KELLY and G. R.
CORSIGLIA,* JJ.

DANHOF, C.J. Plaintiff, Bettina Cotton, appeals
from a trial court order granting summary judg-
ment in favor of defendants Arnold Kambly, M.D.
and University Center, Inc. In her complaint,
plaintiff claimed she suffered mental and emo-
tional damages when Dr. Kambly induced her to
engage in sexual intercourse with him during the
course or under the guise of psychiatric treatment.
She alleged willful misconduct, negligence, mal-
practice, fraudulent misrepresentation and deceit
on the part of Dr. Kambly. Her assertion of liabil-
ity on the part of University Center was based on
the doctrine of *respondeat superior.* Henceforth,
references to defendant in this opinion are to Dr.
Kambly.

    In granting the defense motion for summary
judgment, the trial court ruled that the complaint
failed to state a claim upon which relief could be
granted because the allegations contained therein
were covered by MCL 551.301; MSA 25.191, which
abolishes all civil causes of action for alienation of
affections, criminal conversation, seduction of any
person 18 years of age or older and breach of

* Circuit judge, sitting on the Court of Appeals by assignment.

contract to marry. The judge stated that this statute was intended to transfer actions of the type brought by plaintiff to the criminal side of the court. He referred to MCL 750.90; MSA 28.285, which makes it a felony for a doctor to induce a patient to engage in sexual intercourse under the guise of treatment.

Plaintiff brought the present action in her own name for her own injuries; therefore, her action was not based on alienation of affections or criminal conversation, which are common law torts involving interference with the marriage relationship, or breach of contract to marry. Defendant argues that plaintiff's action was, in essence, for seduction. Seduction has been defined as,

"the act of persuading or inducing a woman of previously chaste character to depart from the path of virtue by the use of any species of acts, persuasions, or wiles which are calculated to have, and do have, that effect, and resulting in her ultimately submitting her person to the sexual embraces of the person accused." *Savage v Embrey,* 216 Mich 123, 127; 184 NW 503 (1921).

At common law, loss of services was indispensable to a cause of action for seduction and as a result, a right of action for seduction was possessed only by the parents or guardian of a seduced minor. Prosser, Torts (4th ed), § 124, p 884. However, Michigan is one of the few jurisdictions which allowed a woman to sue in her own name for her own seduction. *Weiher v Meyersham,* 50 Mich 602; 16 NW 160 (1883), *Becker v Mason,* 93 Mich 336; 53 NW 361 (1892). MCL 551.301; MSA 25.191, abolishing the civil causes of action for seduction of a woman 18 years of age or older and for the other common law torts previously mentioned, became effective in 1935. Essentially the same language is

contained in MCL 600.2901; MSA 27A.2901, which is part of the Revised Judicature Act of 1961. MCL 600.2910; MSA 27A.2910, part of the same act, expressly limits actions for seduction to females under the age of 18 and confers standing on the victim's parents or guardian to bring the action.

Defendant relies on *Nicholson v Han,* 12 Mich App 35; 162 NW2d 313 (1968), which was cited as controlling by the trial court. In *Nicholson,* the plaintiff and his wife consulted the defendant doctor for psychiatric and marriage counselling services. According to plaintiff, instead of rendering the agreed-upon services, the doctor persuaded plaintiff's wife to engage in sexual relations with him and to obtain a divorce. Plaintiff sued, alleging breach of contract, malpractice, assault and battery, negligence and fraud on the part of the doctor. The lower court dismissed the action and this Court affirmed, holding that plaintiff's breach of contract and fraud allegations were actually claims for alienation of affections and criminal conversation abolished by statute.

We do not find *Nicholson* dispositive in the instant case. This Court never addressed the question of malpractice in *Nicholson,* since the appeal was from the trial court dismissal of the breach of contract and fraud counts only. Even if we employ the type of analysis utilized in that case, whereby we look beyond the labels used by plaintiff in defining her cause of action to determine whether her claim is for seduction, we find summary judgment was improperly granted in the present case. Part of plaintiff's claim is for medical malpractice, which has been defined as the failure of a member of the medical profession, employed to treat a case professionally, to fulfill the duty to exercise that degree of skill, care and diligence exercised by

members of the same profession, practicing in the same or similar locality, in light of the present state of medical science. *Kambas v St Joseph's Mercy Hospital,* 389 Mich 249; 205 NW2d 431 (1973). Plaintiff alleges that defendant induced her to engage in sexual relations with him as part of her prescribed therapy. We see no reason for distinguishing between this type of malpractice and others, such as improper administration of a drug or a defective operation. In each situation, the essence of the claim is the doctor's departure from proper standards of medical practice. Therefore, while the facts alleged by plaintiff might also state a cause of action for common law seduction, we do not find that seduction was the gist of her malpractice claim. We agree with the type of reasoning employed in *Roy v Hartogs,* 85 Misc 2d 891; 381 NYS2d 587 (1976), where a patient sued her psychiatrist claiming that he had engaged in sexual intercourse with her as part of her prescribed therapy. The Court stated:

"The right of action to recover a sum of money for seduction has been abolished by article 8 of the Civil Rights Law and the predecessor legislation found in article 2-A of the Civil Practice Act. These statutes were passed, as a matter of public policy, so that marriages should not be entered into because of the threat or danger of an action to recover money damages and the embarrassment and humiliation growing out of such action *(Fearon v Treanor,* 272 NY 268, 274). However, this legislation did not abolish all causes of action wherein the act of sexual intercourse was either an 'incident of' or 'contributed to' the ultimate harm or wrong *(Tuck v Tuck,* 14 NY2d 341). In this proceeding, the injury to the plaintiff was not merely caused by the consummation of acts of sexual intercourse with the defendant. Harm was also caused by the defendant's failure to treat the plaintiff with professionally acceptable procedures (cf., *Zipkin v Freeman,* 436 SW2d 753,

761, 762 [Mo, 1969]; cf., *Anclote Manor Foundation v Wilkinson,* 263 So 2d 256, 257 [Fla, 1972]). By alleging that his client's mental and emotional status was adversely affected by this deceptive and damaging treatment, plaintiff's counsel asserted a viable cause of action for malpractice in his opening statement *(Tuck v Tuck, supra,* p 345)." 85 Misc 2d 891, 892-893.

We hold that the statutes abolishing the civil cause of action for seduction do not bar plaintiff's malpractice claim. The fact that defendant may also be subject to criminal and professional sanctions for his conduct is no reason for denying plaintiff her right to bring a civil action for malpractice. See, *Albert v Chambers,* 335 Mich 111; 55 NW2d 752 (1952).

Reversed. Costs to plaintiff.