OPINION OF THE COURT
Dennis K. McDermott, J.
This child support case involves a claim of parental alienation and resulting abandonment by the child, but with a novel twist. Here, it is not the parent paying child support but the custodial parent and recipient of child support who is asserting the claim.
By way of background, the parties, never married to each other, are the parents of two children, "Shelby,” now 18 years old, and “Luke,” age 10.[1] The mother is the custodial parent; the father resides some two hours away but regularly exercises his right to visitation with the children. In May 2015, when Shelby was 17 years old, she and her mother had a falling out. The mother believed that Shelby was being lax in her schoolwork and deceitful with her and, as a matter of discipline, took away Shelby’s car. Shelby moved out of her mother’s home and into the home of third parties in an adjoining school district. Shelby then contacted her father and enlisted his support in getting her car back. Shelby, now 18 years old, continues to reside with the third parties and shows no signs of returning to the mother’s residence. The father, without any court order directing him to do so, is paying for Shelby’s car insurance and gasoline money and has added her to his family cell phone plan. He is also voluntarily making periodic contributions to the third parties for groceries.
In July 2015, the father filed a petition to modify his child support based on Shelby no longer residing with her mother. He does not quarrel with his obligation to provide child support for Luke who continues to reside with his mother, but he argues that he should not have to pay child support to the mother when the mother is not in fact providing a home for Shelby or otherwise supporting her.
In opposition to the father’s modification petition, the mother claims that he is providing Shelby with the financial means to live outside the mother’s home and thereby undermining the mother-daughter relationship and interfering with the mother’s *521 authority as the custodial parent.[2] The mother argues that she should not have to suffer any loss of child support and that the father should not benefit from his wrongful conduct in perpetuating Shelby’s alienation from and abandonment of her. In the face of that assertion, the support magistrate referred the case to a family court judge for a determination of the alienation claim.
Assuming, without deciding, that the father’s voluntary financial support for Shelby, which started prior to her attaining her majority, has enabled her to remain away from her mother’s home contrary to the mother’s demands, the court is constrained to find that the mother’s claim is in contravention of public policy and must be dismissed.
In 1935, the New York State Legislature enacted Civil Practice Act, article 2-A, section 61-b, which in 1962 became section 80 of the Civil Rights Law (the so-called “Heart Balm Act”) abolishing causes of action and other claims based on allegations of alienation of affection. Such claims had typically involved allegations such as the claimant’s fiancée had been wrongfully induced to call off the marriage, that a spouse had been seduced by another, that a child had been caused to abandon a parent, etc. The statute, renumbered in 1965 as Civil Rights Law § 80-a, was an expression of public policy to disallow all civil claims for what is essentially seduction. {Tack v Tack, 18 AD2d 101 [1st Dept 1963], revd on other grounds 14 NY2d 341 [1964].)
The statute has been held to be applicable even where the claim is asserted in the guise of seeking a recovery for intentional or negligent infliction of emotional distress or for some other wrongful interference. (Sahid v Chambers, 237 AD2d 175 [1st Dept 1997], lv denied 90 NY2d 805 [1997].) No matter how the claim is characterized or presented, if its essence is to recover an award of money for alienation of affection, the claim must be dismissed. (Spector v Wander, 2011 NY Slip Op 31089 [U] [Sup Ct, NY County 2011]; Grafas v TSK Franchise Sys., Inc., 2010 WL 2301295, 2010 US Dist LEXIS 54497 [ED NY, June 2, 2010, No. 09-CV-4914 (JS)(AKT)].)
Here, the mother is currently providing no support for Shelby. She is withholding support in an effort to cause Shelby *522 to have to return to her home and submit to her authority. While the claim is asserted only in opposition to the father’s modification petition, it nevertheless seeks to continue child support payments for both children on the basis that the father has wrongfully interfered with the mother’s custodial rights. As such, it is in contravention of the strong public policy established by Civil Rights Law § 80-a, does not constitute any impediment to the father’s modification petition and, accordingly, must be dismissed. All other issues and arguments affecting the parties’ respective rights and responsibilities will be determined by the support magistrate on remand.
Now, therefore, it is ordered, that the respondent’s claim is dismissed; and it is further ordered, that this matter be remanded to the support magistrate for further proceedings not inconsistent herewith; and it is further ordered, that this order is made without prejudice to the mother’s right to assert this claim defensively in the event that a proceeding is commenced against her seeking to have her pay child support to or for Shelby.

. The children’s names are fictitious.

. Of course, Shelby now being 18 years old is an adult for child custody purposes and is legally under no obligation to be subject to the control of either of her parents.