### SHELDON v. BAUMANN et al.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

1. APPEAL—DIRECTION OF VERDICT—MODE OF SAVING POINT.

The direction of a verdict, though not excepted to, may be reviewed, where appellant, after the court had indicated a purpose to direct the verdict, asked to go to the jury on certain questions, and offered evidence on such questions, and then excepted to the refusal to grant such request.

2. EXEMPLARY DAMAGES—PLEADING.

A complaint for trespass on real property, alleging that the trespass was committed unlawfully, willfully, and wantonly, and without any right whatsoever, is sufficient to entitle plaintiff to recover exemplary damages.

Appeal from trial term, New York county.

Action by George O. Sheldon against Ludwig Baumann and another for trespass. The damages were laid at $10,000. The court ordered a verdict in favor of plaintiff for $25. From a judgment entered on such verdict, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before RUMSEY, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

Francis A. Winslow, for appellant.
Evarts L. Prentiss, for respondents.

RUMSEY, J. The action was for trespass on real property. The complaint alleged that at the time therein stated the defendants "un-

lawfully, willfully, and wantonly, and without plaintiff's consent, and in plaintiff's absence, without any right whatsoever," entered upon the premises of the plaintiff, and took therefrom certain personal property of the value of $15, and in so doing broke and injured other personal property of the value of $10. The complaint then alleged that the entry upon the plaintiff's premises and the taking were against the protest of the plaintiff's wife and daughter, who were present, and who were violently pushed aside by defendants' agents who committed the trespass. The complaint contained other allegations setting out the injury to the feelings of the plaintiff's wife and daughter, which are not material to be considered here, and it demanded damages in the sum of $10,000 for the trespass. After a jury had been impaneled for the trial of the case, the court stated that it was apparent from the pleadings that, if the plaintiff recovered judgment, he could not recover any more than the value of the property taken; that the action was not for injury to feelings, but was for a trespass upon property; and the defendants were asked if they would consent that a verdict be directed for the plaintiff for the value of the property taken, which they did. The court thereupon, after some discussion, ordered a verdict for $25, the value of the property taken and injured by the defendants. The plaintiff moved for a new trial, which was denied, and, after judgment had been entered in favor of the defendants for the difference between the taxed costs and the amount of the verdict, the plaintiff took this appeal.

But two questions are presented: The first, whether the case shows that the plaintiff is in a situation to review the action of the court in ordering a verdict for $25 only in his favor; and the second, whether such action was erroneous. The plaintiff did not except to the order of the court directing a verdict in his favor for $25, but, after the defendants had consented that the court direct a verdict for that sum, and the court had indicated a purpose so to do, the plaintiff's counsel asked to go to the jury on the ground that "special damage under the pleadings and general damages are shown—punitive damages on a trespass." The plaintiff then offered to show that he had been damaged especially by the acts of the defendants. This motion was denied, and the plaintiff excepted. While there is some doubt whether the plaintiff properly raised the point which he seeks to argue here, yet upon the whole we are inclined to think that it was sufficiently presented to the trial court. It is quite true that no exception was taken to the court's final ruling directing a verdict in favor of the plaintiff, but the plaintiff offered to prove, as under his pleadings he was entitled to prove, the facts which would entitle him to recover punitive damages, and this offer was denied, and he was denied an opportunity to make that proof. To this he excepted, and we think the offer and the exception together sufficiently advised the court and the defendants' counsel of the position of the plaintiff, and of the existence of the error relied upon. If an exception does this, it is sufficient to enable the excepting party to raise the question subsequently if the point relied upon was taken, although it may have been awkwardly and clumsily done.

The only question remaining is whether, upon the pleadings as presented, a case might have been made for the giving of any other damages than those resulting from the taking and destruction of the personal property. The action was clearly brought for trespass upon real property, and the allegations of the plaintiff, stating as they did that the trespass was committed unlawfully, willfully, and wantonly, and without any right whatsoever, were sufficient to entitle the plaintiff to exemplary damages if such a trespass had been proved. That exemplary damages may be given in an action for trespass on real property is not to be denied. 1 Add. Torts (Wood's Ed.) 322; 26 Am. & Eng. Enc. Law, 678; 5 Am. & Eng. Enc. Law, 22. The circumstances of aggravation which would warrant a jury in giving exemplary damages were sufficiently alleged, and the plaintiff should have had an opportunity to prove them as he requested.

For these reasons we think that the court was in error in its ruling that nothing more than $25 damages could be recovered, and there should be a new trial, with costs to the appellant to abide the event. All concur.