■ CELIA MERCADANTE, Respondent, et al., Plaintiff, v. BARRY TRANSPORTATION Co. et al., Appellants.— Judgment unanimously reversed, on the law and the facts, and a new trial ordered, with $50 costs and disbursements to defendants-appellants, unless plaintiff-respondent, within 10 days after service of order entered hereon with notice of entry, stipulates to accept the sum of $35,000 in lieu of the award by verdict, in which event the judgment is modified to that extent and, as thus modified, unanimously affirmed, with $50 costs and disbursements to defendants-appellants. The verdict for plain-

tiff, except as to the amount thereof, is amply supported by the record, but the verdict is grossly excessive. We agree that it was improper for plaintiff's counsel to inquire as to whether the license of defendant's driver had been suspended, but eventually the plaintiff stipulated that there had been no suspension of the driver's license. Further, there was no justification for certain testimony of an alleged expert witness with reference to the force of the impact and the effect thereof on plaintiff's body when the plaintiff's car hit the curb or the wall of the tunnel. But his testimony was stricken in its entirety by the trial court. Finally, the complained of statements of plaintiff's counsel in summation were not objected to. In the context of the record, the points of the defendant with reference to the foregoing and to the alleged insufficiency of the complaint and opening statement, would not warrant reversal as a matter of law. On the record here, however, an award of damages for plaintiff's alleged personal injuries in excess of $35,000 is not warranted. We further believe that no verdict in excess of the reduced amount is warranted for the injuries claimed in the bill of particulars. Should the plaintiff decline to stipulate, the plaintiff may deem it advisable to apply for an amendment of the bill of particulars. Settle order on notice. Concur — Botein, P. J., Breitel, Stevens, Eager and Steuer, JJ.