Bentley Kassal, J.
The defendant made a motion to dismiss plaintiff’s cause of action for punitive damages at the end of plaintiff’s case upon which the court reserved decision. This was renewed at the end of the entire ease together with a motion under CPLR 4404 to set aside the verdict for compensatory damages. This decision disposes of all these motions.
The basic cause of action is for property damages to plaintiff’s one-family house, garage, sidewalk and driveway caused by the defendant, a general contractor, in the course of constructing a seven-story nursing home alongside plaintiff’s property.
The jury rendered a verdict of $4,200 for compensatory damages and $3,000 for punitive damages.
The two principal issues at this juncture are whether there is a sufficient evidentiary basis for punitive damages, and, if so, whether the sum awarded be excessive.
There was testimony of numerous, repeated instances of cement blocks and bricks and other objects falling or being dropped on plaintiff’s roof and property. Further, defendant’s bulldozer struck plaintiff’s foundation on several occasions, causing damage and leaks. All of these persisted in spite of many complaints to defendant’s foreman on the job. Finally, defendant, after having requested and been denied permission to install a new sidewalk on plaintiff’s property (which defendant required in order to obtain its certificate of occupancy) did, nevertheless, replace (and, incidentally, improve) the sidewalk, but did leave the grade at plaintiff’s driveway sharply steepened and worsened, rendering it very difficult to use.
Therefore, the jury did have adequate evidentiary bases, which it obviously accepted, of repeated invasions and trespasses on plaintiff’s property, his home. At the very least, some of these acts could be gross and wanton carelessness and, in some instances intentional acts. Since punitive damages are in the nature of a penalty especially designed as a lesson or punishment for acts which are wanton or malicious or show a reckless disregard of the rights of others, the record is sufficient for such an award.
*585 “ The object of exemplary or punitive damages is to punish the defendant and to restrain him and others from doing like acts in the future *' * * In such cases the law uses the suit of a private party as an instrument of public protection, not for the sake of the suitor but for that of the public. * * *
The degree of misconduct necessary to warrant and uphold the allowance of punitive damages has been defined in varying language, but all definitions involve the idea of the intentional, wanton, wilful, or malicious commission of some illegal act, or of such a perverse and obstinate failure to discharge a duty as warrants a presumption of a reckless indifference to the rights of others which is equivalent to intentional misconduct. * * * malice may be inferred from mischievous intent or inexcusable recklessness, or other unjustifiable conduct.” (14 N. Y. Jur., Damages, § 179.)
Punitive damages may be allowed for trespass, which has been established in this case. (Sheldon v. Baumann, 19 App. Div. 61.)
Indeed, the jury had sufficient evidence from which to conclude that punitive damages were warranted in that there was more than culpable negligence, with the facts warranting the conclusion that after numerous complaints the continuing tortious acts by defendant amounted to misconduct so flagrant as to transcend mere carelessness and to deserve greater punishment than the payment of compensatory damages. (14 N. Y. Jur., Damages, § 181.)
Regarding the amount of such punitive damages, the jury has determined what it feels will set an example and establish guidelines to avoid recurrence. The jury, as such, represents the voice of the community and it is not the province of the Trial Judge to substitute his judgment for the jury’s unless it is so excessive as to shock the conscience of the court. This verdict for punitive damages'does not. (Rice v. Ninacks, 34 A D 2d 388; Mallo v. Pembleton, 38 A D 2d 874.)
In regard to the jury’s finding for compensatory damages, plaintiff’s expert testified as to the damages to the property and the reasonable value of the necessary repairs. While such-testimony would not be classified as the clearest presentation by an expert witness, it nevertheless slightly exceeded the jury’s award and there was sufficient evidentiary basis to allow it to stand. Defendant’s expert only gave testimony as to whether such damages resulted from defendant’s actions but he did not rebut the value of the repairs required. By its award for compensatory damages, the jury did believe that defendant *586 caused these injuries and the reasonable value for such repairs.
In reviewing the jury’s determination, the court has 11 the duty of maintaining reasonable consistency between the weight of evidence and the verdict reached.” (Mann v. Hunt, 283 App. Div. 140, 142). The court finds the jury’s verdict reasonably consistent with the evidence presented and will not set it aside.
The defendant’s motions are denied. Judgment shall be entered in accordance with jury verdict for $4,200 compensatory and $3,000 punitive damages.
Interest shall be computed on compensatory damages, as prayed for in the complaint.