Per Curiam.

A complaint should not be dismissed on the opening statement of counsel unless, accepting as true all facts stated in the opening and resolving in plaintiffs favor all material facts in issue, plaintiff nevertheless is precluded from recovery as a matter of law (Rivera v Board of Educ. of City of N.Y., 11 AD2d 7, 8, 9). Counsel asserted in the opening statement that the defendant, a psychiatrist, had treated the plaintiff, as his patient, during the period March, 1969 through September, 1970. It was further averred that, during the last 13 months of her treatment, plaintiff was induced to have sexual intercourse with the defendant as part of her prescribed therapy. As a result of this improper treatment, counsel alleged that the plaintiff was so emotionally and mentally injured that she was required to seek hospitalization on two occasions during 1971.
The right of action to recover a sum of money for seduction has been abolished by article 8 of the Civil Rights Law and the predecessor legislation found in article 2-A of the Civil Practice Act. These statutes were passed, as a matter of public policy, so that marriages should not be entered into because of the threat or danger of an action to recover money damages and the embarrassment and humiliation growing out of such action (Fearon v Treanor, 272 NY 268, 274). However, this legislation did not abolish all causes of action wherein the act of sexual intercourse was either an "incident of’ or "contributed to” the ultimate harm or wrong (Tuck v Tuck, 14 NY2d 341). In this proceeding, the injury to the plaintiff was not merely caused by the consummation of acts of sexual inter *893 course with the defendant. Harm was also caused by the defendant’s failure to treat the plaintiff with professionally acceptable procedures (cf. Zipkin v Freeman, 436 SW2d 753, 761, 762 [Mo, 1969]; cf. Anclote Manor Foundation v Wilkinson, 263 So 2d 256, 257 [Fla, 1972]). By alleging that his client’s mental and emotional status was adversely affected by this deceptive and damaging treatment, plaintiff’s counsel asserted a viable cause of action for malpractice in his opening statement (Tuck v Tuck, supra, p 345).
Generally, evidence of other acts or transactions, even of a similar nature, are not admissible where such acts can only be deemed relevant through the inference that the party would follow the same course in the transaction in issue (21 NY Jur, Evidence, § 181). However, the physical condition of the defendant in this appeal became relevant when he stated that he did not have sexual intercourse after 1965 because of a hydrocele (21 NY Jur, Evidence, § 187; 29 Am Jur 2d, Evidence, § 439). At that juncture, the testimony of witness Stern was correctly received in rebuttal on defendant’s physical condition in 1969 and 1970 when he was treating the plaintiff. Because witnesses Guttler and Sherwood were unaware of defendant’s physical capability during the period in issue, their testimony was properly stricken by the court below. In the context of this protracted trial, the jurors were not so unduly influenced by this stricken testimony as to warrant a reversal on this ground (Mercadante v Barry Transp. Co., 23 AD2d 653, affd 17 NY2d 462).
Since the brief and unsolicited meeting between juror Smith and witness Sherwood occurred after the rendition of the verdict on liability, the defendant cannot meritoriously contend that the resolution of the liability issue was tainted by juror misconduct. The propriety of the transfer from Supreme Court to Civil Court (CPLR 325, subd [d]) was not raised below and will not be considered, for the first time, upon appeal.
The award of $50,000 in compensatory damages for defendant’s aggravation of plaintiff’s pre-existing mental disorders, is, however, in our opinion excessive. Plaintiff’s condition was of long standing, and began years before she became defendant’s patient. There is no evidence to support a permanent worsening of the condition by defendant’s acts; nor is there proof demonstrating a permanent impairment of her ability to work in a position comparable to that she had before or during the period she was defendant’s patient. Given the fact *894 that she may recover only for the aggravation of her condition by defendant (Schneider v New York Tel. Co., 249 App Div 400), we conclude that an award of more than $25,000 would be excessive.
The jury’s finding, implicit in its award of punitive damages, that the defendant was actuated by evil or malicious intentions when the parties had sexual intercourse was against the predominating weight of the credible evidence. Viewing all the facts and circumstances incident to the occurrences most favorably to the plaintiff as disclosed in this record (Sanders v Rolnick, 188 Misc 627, affd 272 App Div 803), the weight of the evidence did not justify the jury’s finding that defendant’s conduct, while inexcusable, was so wanton or reckless as to permit an award for punitive damages (Hedrick v Jebiley, 198 NYS2d 346; 14 NY Jur, Damages, §§ 177, 179; Walker v Sheldon, 10 NY2d 401; cf. Conners v Walsh, 131 NY 590; Da Costa v Technico Constr. Corp., 74 Misc 2d 583, affd 78 Misc 2d 1100, lv to app den NYLJ, Dec. 31, 1974, p 2, col 1). The other points of error raised in defendant’s brief are clearly without merit and need not be explored in this decision.
Judgment, entered July 29, 1975, reversed and new trial ordered limited to the issue of compensatory damages, with $30 costs to appellant to abide the event that plaintiff recovers less than $25,000 in compensatory damages, unless respondent within 10 days after service of a copy of the order entered hereon with notice of entry, stipulates to reduce the recovery to $25,000, in which event judgment modified accordingly and as modified, affirmed without costs.