■ JOAN D. PURDY, Respondent, v GERALD MOMROW, Defendant, and ANDREW LINDEMAN, Defendant and Third-Party Plaintiff-Appellant. STEPHEN PURDY, an Infant, Third-Party Defendant-Respondent.—Appeal from a judgment of the Supreme Court, entered March 3, 1975 in Rensselaer County, in favor of the plaintiff upon the oral grant of a motion by the plaintiff at the close of her case for a directed verdict and upon the direction of the court upon its own motion of a severance of the third-party action and a new trial therein. In order to grant a motion for a directed verdict, the court must find that there was no rational process by which the jury could have found for the adverse party. (See *Parvi v City of Kingston,* 51 AD2d 846.) The record establishes that the third-party defendant, Stephen Purdy, so operated the plaintiff's automobile as to disobey a stop sign and enter into an intersection in front of the appellant who had the right of way, whereby appellant, operating a motorcycle, struck and damaged plaintiff's automobile. The record establishes that the jury might have found that appellant so negligently operated the motorcycle as to be negligent, however, the record does not establish negligence and proximate causation on appellant's part so conclusively as to preclude a jury verdict of "no cause" in his favor. There was a factual issue which should have been submitted to the jury. Judgment reversed, on the law, and a new trial ordered, with costs to abide the event. Greenblott, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.