■ JEANNE PARI, Respondent-Appellant, v CITY OF BINGHAMTON, Appellant-Respondent.—Cross appeals from a judgment of the Supreme court, entered October 7, 1974 in Broome County, upon a verdict rendered at a Trial Term in favor of plaintiff. On August 4, 1973, plaintiff was 19 years old and the sole tenant of Apartment No. 5 located at 186 Main Street in the City of Binghamton, New York. At approximately 11:00 P.M. on that date, police officers of the City of Binghamton, at the landlord's request, entered her apartment with the aid of the landlord and his passkey and at the further behest of plaintiff's father and brother who were also at the scene. Based upon this entry, plaintiff instituted the present action for trespass, and at the close of defendant's evidence the trial court ruled that the entry constituted a trespass as a matter of law and granted plaintiff's motion for a directed verdict on the issue of liability. Only the question of damages was left for the jury, which ultimately returned a verdict in the sum of $500 for plaintiff. Both parties now appeal, with defendant arguing that the court erred in ruling that the entry was a trespass as a matter of law and plaintiff contending that the verdict was inadequate as a matter of law. Upon our consideration of the record, we agree with defendant and conclude that a factual issue was presented as to whether there was a trespass, the resolution of which should have been left to the jury. While admittedly the police entry here was not pursuant to a warrant, incident to an arrest or by consent of plaintiff, it is nonetheless well settled that the police have a general obligation to assist those whom they reasonably believe to be in distress and that exigent circumstances can result in a situation wherein a warrantless intrusion is justified *(People v Mitchell,* 39 NY2d 173, cert den 426 US 953). Here, there is evidence indicating that both plaintiff's father and her landlord sought the assistance of the police, that the father was unaware of his daughter's whereabouts although she might have left for California, and that earlier the same day the landlord had observed three apparent strangers occupying the girl's apartment on which it was mistakenly believed the rent had not been paid. Additionally, it appears that plaintiff's brother's knock on the apartment door went unanswered even though he heard a girl's voice inside. Under these circumstances, the strong possibility that plaintiff's personal well-being or at least

her material possessions were endangered is obvious, and in our opinion a jury could have reasonably concluded that an emergency existed justifying the police entry. Such being the case, the grant of a directed verdict by the trial court was improvident *(Purdy v Momorow,* 51 AD2d 851). Traditionally these are the kinds of matters suitable for jury determination rather than for the direction of a verdict (see Prosser, Law of Torts [4th ed], § 45, p 290). In so ruling, we would note in conclusion that, most significantly, the search of the apartment was apparently limited to ascertaining what persons might be found therein and to securing the premises and plaintiff's property. As such, it was in the nature of an attempt by the police to render assistance and not a criminal investigation. Moreover, our resolution of this issue makes a new trial necessary, and we need not consider the adequacy of the $500 verdict. Judgment reversed, on the law, and a new trial ordered, with costs to abide the event. Koreman, P. J., Greenblott, Main, Larkin and Herlihy, JJ., concur.