■ JEANNE PARI, Respondent, v PHELPS CORPORATION, Appellant.—Appeal from a judgment of the Supreme Court, entered May 28, 1976 in Broome County, upon a verdict rendered at a Trial Term in favor of plaintiff. Plaintiff rented a furnished apartment as a month-to-month tenant and has obtained a judgment against the defendant landlord on causes of action for trespass and breach of an implied covenant of quiet enjoyment arising from an incident that occurred on August 4, 1973. On that date the demised premises were entered in her absence and without her consent by defendant's president, police officers, plaintiff's father and her brother. The reasons for this action and the circumstances surrounding it, with but minor variations, are generally the same as we described in a related action (see *Pari v City of Binghamton,* 57 AD2d 674). On this appeal the landlord contests the amount of damages awarded by the jury and we agree that a modification is in order. While it may be assumed that exemplary damages can be recovered in an action founded on trespass (see *Sheldon v Baumann,* 19 App Div 61), the facts of this case were not such as to permit the jury to consider that issue since there was no proof or circumstances from which the actions of the landlord's representative could be regarded as being malicious or undertaken in wanton or reckless disregard of plaintiff's rights. Accordingly, there was no basis justifying an award of punitive damages. We are also agreed that plaintiff's further claim for breach of a covenant of quiet enjoyment must fail. The acts of the landlord did not substantially or materially deprive plaintiff of the beneficial use of her apartment so as to

constitute a constructive eviction from the premises. That barrier aside, it still would not appear that she sustained any loss upon which an award could be predicated. Finally, although the trespass did not result in any appreciable loss, we reject the landlord's argument concerning the portion of the award therefor dealing with compensatory damages since it was correspondingly low in amount and of a nominal character. The judgment should be modified to the extent of deleting the awards for punitive damages and for breach of a covenant of quiet enjoyment. Judgment modified, on the law and the facts, by reversing so much thereof as awarded exemplary damages and damages for breach of a covenant of quiet enjoyment, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Main, Larkin and Herlihy, JJ., concur.