■ LEGRAND REED, Respondent-Appellant, v ESPLANADE GARDENS, INC., et al., Appellants-Respondents, et al., Defendants. — Order, Supreme Court, New York County (Andrew Tyler, J.), entered May 10, 1984, which disposed of a motion by defendants Esplanade Gardens, Inc. (Esplanade), George Pringle (Pringle) and Levenson and Ule, Esqs. (Levenson and Ule) to dismiss a complaint containing nine causes of action, as follows: (1) by granting their motion insofar as to dismiss the third, fourth, seventh, ninth and part of the fifth causes of action; and, (2) by denying their motion to dismiss as to the first, second, sixth and part of the fifth causes of action, is unanimously reversed, to the extent appealed from by defendants-appellants, on the law, and the motion to dismiss is granted as to the first, second, sixth and the remaining part of the fifth causes of action, without costs.

Defendant Esplanade, a not-for-profit corporation, is a Mitchell-Lama subsidized cooperative housing development. Furthermore, defendant Pringle has been Esplanade's manager since early 1976, and defendants Levenson and Ule were Esplanade's general counsel. Plaintiff was one of the original shareholders of Esplanade.

For more than three years, before March 1980, the plaintiff and management of Esplanade were engaged in continuous litigation. Their controversy primarily revolved around plaintiff's contentions that he had been overcharged for maintenance, utility and air-conditioning fees, and that his parking privileges had been curtailed.

On the one hand, during the period 1977-1979, defendant Esplanade commenced eight separate summary proceedings against plaintiff, which proceedings have all been disposed of by either dismissal, or discontinuance, withdrawal and stipulation.

On the other hand, plaintiff initiated an action in the Civil Court (Seymour Schwartz, J.), New York County (*Reed v Esplanade Gardens,* 91 Misc 2d 991 [1977]), to recover damages from defendant Esplanade for the alleged misconduct of its agents in plastering large and hard to remove "stickers" on plaintiff's motor vehicle, when it was located in the space assigned to it in Esplanade's parking lot. In this action, plaintiff was awarded $100 damages, upon the basis that defendant Esplanade's use of these types of signs was an unreasonable method of enforcing parking rules.

Additionally, plaintiff started an action in the Supreme Court (Martin Evans, J.), New York County (*Reed v Esplanade Gardens,* index No. 05946/1979, order entered on or about June 12, 1979), to enjoin defendant Esplanade from putting up a fence to protect the development's parking lot from vandalism and theft. In pertinent part, Special Term held, in its opinion dismissing this action, that the plaintiff was unable to show "that [the] cooperative corporation exceeded its authority or acted unreasonably."

In March 1980, by the service of a summons and complaint, plaintiff commenced the instant action against the subject defendants Esplanade, Pringle, Levenson and Ule, as well as other defendants who are not parties to this appeal. Defendants Esplanade, Pringle, Levenson and Ule moved to dismiss the complaint. Special Term granted their motion as to all of the causes of action in the complaint, except for causes of action one, two, six and part of five.

We find that Special Term erred, since the entire complaint should have been dismissed.

The plaintiff alleges that, by bringing against him the eight summary proceedings, mentioned *supra,* these defendants committed the torts of abuse of process (the first cause of action) and malicious prosecution (the second cause of action). We are compelled to dismiss these causes of action, due to the fact that plaintiff does not set forth the necessary elements needed to

assert them. As to the tort of abuse of process, plaintiff fails to allege that defendants were "seeking some collateral advantage or corresponding detriment to the plaintiff which is outside the legitimate ends of the process" (*Board of Educ. v Farmingdale Classroom Teachers Assn.* 38 NY2d 397, 403); and, as to the tort of malicious prosecution, the plaintiff fails to allege that there was interference with either his person or property (*Belsky v Lowenthal*, 47 NY2d 820).

The remaining part of the fifth cause of action pertains to plaintiff's claim concerning defendant Esplanade's alleged breach of plaintiff's parking contract. After reviewing the complaint and the prior litigation, we dismiss the entire fifth cause of action, under CPLR 3211 (a) (4) (other prior actions pending), (5) (res judicata), and (7) (failure to state a cause of action). Further, plaintiff failed to plead or show an actual deprivation of the beneficial use of the demised premises (*see, Pari v Phelps Corp.,* 61 AD2d 1072).

Finally, in the sixth cause of action, plaintiff seeks a declaratory judgment as to the validity of Esplanade's parking regulations. Based upon the prior determination of Justice Martin Evans, in the Supreme Court action discussed *supra,* we hold that the doctrine of res judicata applies to this cause of action (*Mutual Fire, Mar. & Inland Ins. Co. v James & Co.,* 92 AD2d 203, *affd* 61 NY2d 680), and we dismiss it. Concur — Sullivan, J. P., Ross, Bloom, Kassal and Ellerin, JJ.