## Schwartz v. Temple University Hospital

*Leonard Schaeffer* and *Gary A. DeVito*, for plaintiffs.

*Robert J. Sachs,* for defendant Temple University Hospital.

LEHRER, *J.,* February 9, 1987—Before us is the motion for summary judgment filed by defendant, Temple University Hospital against plaintiffs, Robert Paul Schwartz, M.D. and Patricia Wojciechowski. This motion will be granted in favor of Temple University because there is no question presented which could result in its liability to plaintiffs.

The issue to be decided involves the interpretation of an insurance contract.

During the period of factual relevance to this case, Dr. Schwartz was a resident in the Department of Obstetrics and Gynecology at Temple University Hospital. As a part of Dr. Schwartz's residency employment contract, Temple University Hospital was required to provide coverage for him for legal medical malpractice claims brought against him. Temple University Hospital, pursuant to this residency agreement, entered into a policy with the Northbrook Insurance Company (with a $250,000 deductible clause). Under the residency agreement, Temple University Hospital was responsible for paying the deductible amount to ensure medical malpractice claims protection to its residents.

Plaintiffs contend, and defendants argue to the contrary, that Dr. Schwartz' conduct vis à vis Wojciechowski was the practice of medicine within the meaning of his contract with Temple University and in particular within the provisions pertaining to indemnification. This court concludes that it does not.

The undisputed facts of record upon which the motion for summary judgment is to be decided are the following:

In September 1975, Mrs. Wojciechowski was admitted to Temple University Hospital for treatment of vulvar cancer by her physician, Dr. Earl Greenwald, in turn through the referral of her family physician. Dr. Schwartz was a duly licensed physician under Pennsylvania statutes and a second-year resident in the Department of Obstetrics and Gynecology at the hospital. He was under Dr. Greenwald's supervision. Dr. Schwartz was introduced to Mrs. Wojciechowski on the first day of her admission. As part of his duties, Dr. Schwartz made observations of Mrs. Wojciechowski as he would other patients of the Department of Gynecology in the hospital. Dr. Schwartz had no authority to diagnose the patient or make any fundamental decisions regarding her case. Under Pennsylvania law, any physician may legally practice any form of medicine. Dr. Schwartz's employ with Temple University Hospital, however, was limited in scope to gynecological and obstetrical medicine.

On October 2, 1975, Mrs. Wojciechowski underwent a vulvectomy at Temple to excise cancerous tissue. This surgery required the removal of certain of Mrs. Wojciechowski's sexual organs. She never discussed the psychological ramifications of the operation with Dr. Greenwald, her family physician or other physicians or nurses at the hospital.

Following the vulvectomy, Dr. Schwartz visited Mrs. Wojciechowski frequently. On one of these visits Dr. Schwartz induced the patient to perform several sexual acts which included kissing, petting and oral intercourse by explaining to her that this conduct was part of a therapy to enhance her confidence and self esteem. Under this guise the patient

consented. This pattern of conduct was repeated several times and continued until February 1977, or after Mrs. Wojciechowski's discharge from Temple.

On April 3, 1977, Patricia Wojciechowski filed a complaint (in Montgomery County) against Dr. Schwartz alleging that he committed assault and battery for inducing her to perform oral intercourse upon him and various other sexual acts. This complaint was later amended to include theories of medical malpractice. Temple refused to enter into or defend this suit on behalf of Dr. Schwartz.

On the basis of stipulated facts (essentially those recited above), a judgment was entered for $175,000. Following the rendering of this judgment in Montgomery County, Dr. Schwartz and Mrs. Wojciechowski, joined as plaintiffs in the instant suit and now demand recovery from Temple for the amount of that judgment. Dr. Schwartz, in addition, requests the costs of his defense.

Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Pa.R.C.P. 1035; *Roberts v. Hazle Yellow Cab Co.*, 69 Lux. Legl. Reg. Rep. 22 (1979); *Toth v. Philadelphia*, 213 Pa. Super. 282, 247 A.2d 629 (1968).

Plaintiff now claims that he should prevail arguing that since all physicians are legally entitled to practice psychiatry (or any other branch or specialty of medicine, even though he has no "board" or other special certification), his activities with Mrs. Wojciechowski constituted a practice (or malpractice) of psychiatry. The terms of his residency agreement and the accompanying insurance con-

tract covering him for medical malpractice should apply to provide him protection from the claims brought by Mrs. Wojciechowski.

Under Pennsylvania law, an insurance company is obligated to defend an insured only where the allegations set forth in the complaint filed by the injured party raises a claim that may potentially come within the policy's coverage. *Seaboard Industries Inc. v. Monaco,* 258 Pa. Super. 170, 392 A.2d 738 (1978). *D'Auria v. Zurich Insurance Co.,* 352 Pa. Super. 231, 507 A.2d 857 (1986). This rule applies with respect to duties to indemnify where either the allegations stated in the injured party's complaint and/or the actual particulars of that injury are not included within the coverage provisions. Id.

This court holds that the insurance policy Temple provided Dr. Schwartz offered him protection or indemnification for the malpractice of medicine within the scope of his employment. The rules of agency law, respondent superior, pertaining to scope of employment apply in the instant case. In engaging in sexual conduct with Mrs. Wojciechowski, Dr. Schwartz was not acting within the scope of his employment as a resident physician in gynecology and obstetrics. Mrs. Wojciechowski's private physician was Dr. Greenwald.

No reason of public policy compels us to make any other interpretations of the insurance contract. To conclude that sexual acts committed under an unauthorized pretext of psychiatric treatment are within Dr. Schwartz's scope of employment would make Temple University and every other nonprofit hospital responsible for the torts of any resident physician of whatever specialty who chose to invite sex acts under the guise of psychiatric counseling, social rehabilitation and/or psychological therapy.

Dr. Schwartz cites *Greenberg v. McCabes*, 453 F.Supp. 765 (E.D. Pa., 198); *Aetna Life and Casualty Co. v. McCabe*, 556 F.Supp. 1342 (E.D. Pa., 1983) and several cases from foreign jurisdictions, wherein sexual misconduct was deemed to be medical malpractice covered under the provisions of medical malpractice insurance policies. However, the physicians involved in all of those cases were not only licensed physicians, but were also physicians who held themselves out to be specialists in psychiatry. See also, *Horah v. Buiris*, 474 N.E. 2d 13 (Ill., 1985); L.V. *Medical Protective Co.*, 362 N.W. 2d 174 (Wis., 1984). *Roy v. Hartog*, 85 Misc. 2d 891, 381 N.Y.S. 2d 587 (1976). But see *Hartogs v. Employers Mutual Liability Insurance Company of Wisconsin*, 89 Misc. 2d 468, 391 N.Y.S. 2d 962 (1972).

Given the nature of psychiatry, this court can understand the public policy which justifies the holdings in those instances. But such reasoning need not be and should not be extended to cases of physicians who do not hold themselves out as psychiatric specialists and who have no authorization to take responsibility for the diagnosis and prescribed course of treatment of patients

The motion brought by Temple University Hospital for summary judgment will be granted and an appropriate order will be entered.

## ORDER

And now, this February 9, 1987, upon consideration of defendant, Temple University Hospital's motion for summary judgment and plaintiff's response thereto, it is hereby ordered and decreed that said motion for summary judgment is granted and plaintiff's complaints are dismissed with prejudice.