Cynthia LENHARD, Appellant,

v.

Joel R. BUTLER, Ph.D., Appellee.

No. 2–87–121–CV.

Court of Appeals of Texas,
Fort Worth.

Feb. 4, 1988.

Rehearing Denied March 3, 1988.

Timothy E. Kelley, Dallas, for appellant.

Vial, Hamilton, Koch, & Knox and James A. Clutts, Jr. and Janetta S. Walls and D. Bradley Dickinson, Dallas, for appellee.

Before BURDOCK, JOE SPURLOCK, II and LATTIMORE, JJ.

## OPINION

BURDOCK, Justice.

Cynthia Lenhard brings this appeal from a summary judgment rendered against her in the court below. Appellant contends that the trial court erred in its application of the statute of limitations in the appellant's medical malpractice action.

We affirm.

Appellant first met appellee, Dr. Joel Butler, in 1970. At that time the appellant was a student at Commonwealth University in Richmond, Virginia, where Butler was a professor of psychology. Butler approached appellant and suggested that she enter into a psychological therapy relationship with him, since his position as professor of psychology obligated him to conduct such activities. Appellant agreed and began seeing Dr. Butler for therapy sessions.

Approximately six to twelve months after the sessions commenced, Butler began having sexual relations with the appellant; purportedly as part of her therapy. These "therapy sessions" continued until late June of 1982. During the interim, Butler had moved to Denton, Texas, to become the head of the psychology department at North Texas State University. Apparently, the appellant moved to Denton as well.

On September 9, 1982, Butler advised the appellant that she no longer required therapy and terminated the therapist/patient relationship. On June 25, 1984, appellant filed suit against Butler, alleging that he

had committed malpractice by intentionally or negligently gaining complete emotional control over her by use of the "transference phenomenon,[1]" and thereafter entering into sexual relations with her.

Lenhard was deposed by Butler's counsel on March 3, 1986. In her deposition, appellant stated that the reason she had failed to file suit any earlier was due to the fact that she was mentally incapable of any autonomous action because Butler had complete psychological control over her. According to appellant, until Butler relinquished control of her emotions in September of 1982, she was unable to take any legal action against him.

Butler filed a motion for summary judgment against appellant on March 18, 1987. *See* TEX.R.CIV.P. 166a. In his motion, Butler asserted that appellant's claim was barred by limitations. The trial court granted the summary judgment on April 27, 1987. Lenhard now appeals this ruling.

In her first point of error, the appellant contends that the trial court erred in finding that the statute of limitations contained in the Medical Liability and Insurance Improvement Act was not applicable to her claim. *See* TEX.REV.CIV.STAT.ANN. art. 4590i, sec. 10.01 (Vernon Supp.1988). However, we note that in the summary judgment order the trial court did not state which statute of limitations barred the appellant's suit. A review of the appellee's motion for summary judgment reveals that the appellee urged that the action was barred by the statute of limitations for tort actions. *See* TEX.CIV.PRAC. & REM. CODE ANN. sec. 16.003 (Vernon 1986). The appellant's reply to the summary judgment motion asserts that the statute of limitations contained in the Medical Liability and Insurance Improvement Act was the applicable limitations period and therefore the statute of limitations did not begin to

run until September 9, 1982, the day that Butler discontinued the sessions with the appellant, because under the continuing treatment doctrine of the Medical Liability and Insurance Improvement Act, the limitations period does not begin to run until the physician-patient relationship is terminated. *See Vinklarek v. Cane,* 691 S.W.2d 108, 109 (Tex.App.—Austin 1985, writ ref'd n.r.e.). Therefore, we will first examine the statute of limitations contained in the Medical Liability and Insurance Improvement Act in order to determine if it is applicable to the appellant's cause of action.

The statute of limitations contained in the Medical Liability and Insurance Improvement Act provides:

> Notwithstanding any other law, no *health care liability claim* may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability. [Emphasis added.]

*See* TEX.REV.CIV.STAT.ANN. art. 4590i sec. 10.01.

The appellant brought suit against appellee for negligence in handling the "transference phenomenon" and thereafter entering into sexual relations with her. Where a therapist mishandles transference and becomes sexually involved with his patient, courts commonly hold such action to constitute malpractice.[2] Therefore, we must ex-

---

1. "Transference" denotes a patient's emotional reaction to a therapist whereby the patient projects feelings and thoughts onto the therapist, who has come to represent some person from the patient's past. J. Schmidt, *Attorney's Dictionary of Medicine* T–115 (1986). Appellant alleges that Butler took the place of her father, and was thus able to exert great emotional control over her.

2. *See e.g. Simmons v. United States,* 805 F.2d 1363 (9th Cir.1986); *Waters v. Bourhis,* 40 Cal.3d 424, 220 Cal.Rptr. 666, 709 P.2d 469 (1985); *Cotton v. Kambly,* 101 Mich.App. 537, 300 N.W.2d 627 (1980); *Roy v. Hartogs,* 85 Misc. 2d 891, 381 N.Y.S.2d 587 (1976); *Zipkin v. Freeman,* 436 S.W.2d 753 (Mo.1968). *See also: Psychiatry's Problem with No Name: Therapist–Pa-*

amine the definition of "health care liability claim" as contained in section 10.01 to further determine article 4590i's applicability to the present case.

The Medical Liability and Insurance Improvement Act defines "health care liability claim" as follows:

'Health care liability claim' means a cause of action against *a health care provider* or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health care or safety which proximately results in injury to or death of the patient, whether the patient's claim or cause of action sounds in tort or contract. [Emphasis added.]

*See* TEX.REV.CIV.STAT.ANN. art. 4590i, sec. 1.03(a)(4).

We thus arrive at the key issue in this case. Section 1.03(a)(4) provides that article 4590i applies to causes of action arising against physicians and *health care providers.* Therefore, we must determine whether Dr. Butler, a psychologist, is a health care provider pursuant to article 4590i. If Butler is a "health care provider" under article 4590i, we must then go further and determine if Lenhard's cause of action accrued within the limitations period of article 4590i. If Butler is not a health care provider, then we must determine which other statute of limitations would be applicable to the instant case, if such an issue is properly raised in the appellant's brief.

A definition of "health care provider" is given in sec. 1.03(a)(3) of article 4590i. It provides in whole:

'Health care provider' means any person, partnership, professional association, corporation, facility, or institution duly licensed or chartered by the State of Texas to provide health care as a registered nurse, hospital, dentist, podiatrist, pharmacist, or nursing home, or an officer, employee, or agent thereof acting in the course and scope of his employment.

TEX.REV.CIV.STAT.ANN. art. 4590i, sec. 1.03(a)(3). Clearly, the profession "psy-

*tient Sex,* 37 Am.J. Psychoanalysis 43, 48-49

chologist" is not contained in the list of persons enumerated in the definition of health care provider.

Appellant initially points out that medical doctors are not listed in the definition of health care provider in section 1.03(a)(3), even though a physician would obviously be considered a "health care provider". We agree that physicians are health care providers; however, we do so based upon reasoning different than that relied upon by the appellant.

In essence, the appellant contends that physicians are to be considered health care providers by implication; that the final portion of section 1.03(a)(3) simply enumerates certain types of personnel who might not otherwise be considered health care providers simply because they are not medical doctors. Consequently, appellant further urges that psychologists may also be considered health care providers by implication. We disagree with the appellant's interpretation of section 1.03(a)(3).

A close reading of article 4590i reveals that section 1.03(a)(3) deletes "physicians" from its list of health care providers because physicians are provided for elsewhere in the Medical Liability and Insurance Improvement Act. Section 1.03(a)(8) defines physician as one "licensed to practice medicine in this state." *See* TEX.REV. CIV.STAT.ANN. art. 4590i, sec. 1.03(a)(8).

Upon review of the Medical Liability and Insurance Improvement Act, we find that in several instances the Act contains provisions applying to "physicians, hospitals, *and other health care providers."* An example is found in the statement of findings and purposes of the act, where section 1.02(b)(4) provides:

(b) Because of the conditions stated in Subsection (a) of this section, it is the purpose of this Act to improve and modify the system by which health care liability claims are determined in order to:

(4) [m]ake available to *physicians, hospitals, and other health care providers* protection against potential liability through the insurance mechanism at rea-

(1977).

sonably affordable rates. [Emphasis added.]

TEX.REV.CIV.STAT.ANN. art. 4590i, sec. 1.02(b)(4). *See also* sec. 1.02(a)(11); sec. 1.03(a)(4).

The Medical Liability and Insurance Improvement Act expressly applies to physicians, hospitals and other health care providers. We interpret section 1.03(a)(3) to not only define "health care provider", but also to list several other professionals who are not physicians but nonetheless are health care providers whom the legislature intended to come under the auspices of article 4590i.

Interpretation by implication is permitted only to supply obvious intent not expressly stated, and never to contradict nor add to a statute. *Commonwealth of Mass. v. United N. and S. Develop. Co.,* 160 S.W.2d 563, 565 (Tex.Civ.App.—Austin), *aff'd,* 140 Tex. 417, 168 S.W.2d 226 (1942). We therefore decline to accept the appellant's contention that article 4590i impliedly includes physicians and thus presumptively psychologists.

Appellant further contends that the trial court erred in failing to find Butler to be a health care provider because under the Medical Practice Act, a psychologist is listed as a provider of health care. *See* TEX. REV.CIV.STAT.ANN. art. 4495b sec. 2.05(d)(1) (Vernon Supp.1988). According to the appellant, we should be guided by a term in the Medical Practice Act in our interpretation of the Medical Liability and Insurance Improvement Act. We do not find the appellant's assertion persuasive.

It is a well established rule of statutory construction that where two or more separate statutory provisions pertain to the same subject, appellate courts should attempt to construe the provisions so that the statutes will be in harmony. *See Howard v. State,* 704 S.W.2d 575, 578 (Tex.App.— Beaumont 1986, no pet.); *Willaby v. State,* 698 S.W.2d 473, 477 (Tex.App.—Fort Worth 1985, no pet.). Such provisions are said to be "in pari materia". *Trinity Universal Insurance Co. v. McLaughlin,* 373 S.W.2d 66, 69 (Tex.Civ.App.—Austin 1963, writ ref'd n.r.e.). The purpose of the rule of "in pari materia" is to aid the courts in carrying out the full intent of the legislature by giving effect to all laws and provisions bearing upon the same subject. *Texas & N.O.R. Co. v. W.A. Kelso Building Material Co.,* 250 S.W.2d 426, 430 (Tex.Civ.App.— Galveston 1952, writ ref'd n.r.e.).

The Medical Practice Act was enacted for the general purpose of making the laws regulating physicians more readily assessable. *See* TEX.REV.CIV.STAT.ANN. art. 4495b sec. 1.02(7). It generally applies to the licensing and internal disciplinary measures of physicians and surgeons. *Id.* The Medical Liability and Insurance Improvement Act was enacted to modify and improve the procedure by which health care liability claims are administered in our court system and to help alleviate the "medical malpractice insurance crisis." TEX.REV.CIV.STAT.ANN. art. 4590i sec. 1.02. Thus, the Medical Practices Act and the Medical Liability and Insurance Improvement Act essentially deal with different subjects. The principal of "in pari materia" does not apply where the statutes in question do not pertain to the same subject. *Al–Omari v. State,* 673 S.W.2d 892, 898 (Tex.App.—Beaumont 1983, no pet.). Therefore, we do not find the inclusion of psychologists as health care providers in the Medical Practice Act to be controlling of our determination of the appellant's first point of error.

As mentioned above, article 4590i, section 1.03(a)(3) enumerates several types of professionals who are considered "health care providers." The statute goes so far as to expressly list podiatrists, nurses, dentists and pharmacists, while failing to include other professionals such as chiropractor, optometrist or psychologist. We cannot consider the legislature's failure to include psychologists as "health care providers" in section 1.03(a)(3) to be a mere oversight. Under the rules of statutory construction, the express mention of one person, thing, consequence or class is tantamount to the express exclusion of all others. *See Ex Parte McIver,* 586 S.W.2d 851, 856 (Tex.Crim.App. Panel Op.1979). *Craft v. Craft,* 579 S.W.2d 506, 509–10 (Tex.Civ.

App.—Dallas 1979, writ ref'd); *see also:* 53 TEX.JUR.2d, *Statutes,* sec. 142 (1964). Therefore, we find that psychologists are not "health care providers" for the purposes of the Medical Liability and Insurance Improvement Act, because the profession was not enumerated in section 1.03(a)(3) along with the other professions in the health care field. Although we find the omission of psychologists from article 4590i to be a curiosity, we cannot interpret section 1.03(a)(3) to include psychologists within the provisions of article 4590i simply because of our quandary. An appellate court is prohibited from supplying a meaning or word which was intentionally deleted from a statute by the legislature merely to make the statute conform to its own notions of justice. *See Franklin v. Pietzsch,* 334 S.W.2d 214, 219 (Tex.Civ.App.—Dallas 1960, writ ref'd n.r.e.).

We therefore hold that the court below did not err in ruling that the statute of limitations contained in the Medical Liability and Insurance Improvement Act was inapplicable to the appellant's cause of action. Appellant's first point of error is overruled. Furthermore, our ruling also overrules the appellant's second point of error, in which she urged that under the continuing treatment doctrine of article 4590i, section 10.01, the appellant's action accrued within the limitations period.

As we mentioned above, the court below did not expressly state which statute of limitations barred the appellant's action. Although we have determined that the Medical Liability and Insurance Improvement Act and its statute of limitations are inapplicable to the appellant's cause of action, we have not thus far addressed the applicability and effect of the two-year limitations period for negligence and intentional tort actions provided for in the Civil Practice and Remedies Code. *See* TEX. CIV.PRAC. & REM.CODE ANN. sec. 16.-003.

■ In a cause for medical malpractice which is not included under article 4590i, the appellant's cause of action is said to accrue upon each act of malpractice or negligence. *Coffman v. Hedrick,* 437 S.W.2d 60, 62 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ ref'd n.r.e.). However, under the "discovery rule," the statute of limitations may not begin to run against the injured party if the injury is of the type which will not be readily apparent upon its infliction but instead appears at a later date. *Weaver v. Witt,* 561 S.W.2d 792, 793 (Tex.1977); *Sanchez v. Wade,* 514 S.W.2d 812, 815–816 (Tex.Civ.App.—El Paso 1974, no writ).

■ Upon a review of the summary judgment evidence, we note that the last sexual contact between appellant and appellee took place on June 26, 1982, that the therapist/patient relationship ended on September 9, 1982, and that the appellant filed suit on June 25, 1984. Under these facts, it is possible that a fact issue may exist as to whether at least one instance of alleged malpractice fell within the two-year period of limitations provided for in section 16.003.

We need not address the merit of this issue however, since no point of error concerning it is set forth in the appellant's brief and it is therefore not properly before this court.[3] Where a summary judgment may rest upon more than one ground, the party aggrieved by the judgment must assign error to each ground or the judgment will be affirmed on the ground to which no complaint is made. *Prudential Insurance Co. v. Franclen, Inc.,* 710 S.W.2d 568, 569 (Tex.1986); *Gulf Consolidated Intern., Inc. v. Murphy,* 658 S.W.2d 565, 566 (Tex. 1983).

The judgment of the court below is affirmed.

---

3. An appellate court may only address unassigned error in those rare instances where such an error is "fundamental". *American General Fire & Cas. Co. v. Weinberg,* 639 S.W.2d 688, 689 (Tex.1982). Fundamental error exists only in those rare instances where the record reveals on its face that the court lacked jurisdiction or that the public interest is directly and adversely affected as that interest is declared in the statutes and constitution of this state. *Cox v. Johnson,* 638 S.W.2d 867, 868 (Tex.1982).