TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00143-CV






Sally Ann Grace, Appellant




v.




Janey Colorito, M.S., L.P.C., Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 98-02375, HONORABLE MARGARET COOPER, JUDGE PRESIDING







 Appellant Sally Ann Grace claims Janey Colorito negligently treated her for
psychological problems from 1991 to 1992. Grace filed her negligence claim on March 5, 1998. 
Colorito moved for summary judgment alleging that the claim was time-barred under (1) the two-year statute of limitations for health care providers in the Medical Liability and Insurance
Improvement Act ("the Medical Liability Act") (1) and (2) the general two-year limitation period for
negligence suits. (2) The trial court granted Colorito's motion for summary judgment. We will
affirm the judgment.

 Grace raises three issues on appeal: (1) that the Medical Liability Act does not
apply because Colorito was not a health care provider; (2) that the discovery rule tolls the two-year statute of limitations under section 16.003 of the Texas Civil Practice & Remedies Code; and
(3) that the unsound-mind provision in section 16.001 also tolls that limitation period.


FACTS


 Grace voluntarily sought treatment for depression at the suggestion of friends in
1991. She was treated weekly by Colorito until Grace terminated her therapy in March 1992. 
She filed this claim on March 5, 1998. Grace claims Colorito convinced her that members of a
cult were trying to abduct and kill her, that she was a victim of sexual and ritual abuse, and that
she should not trust anyone trying to talk to her because they might be cult members. She testified
that the therapy resulted in nightmares, separation from her family, and fear of harm at the hands
of the cult.

 During the six years between the end of her therapy in 1992 and filing her claim,
Grace married, graduated from St. Edwards University with a high grade-point average, and
worked to become a licensed chemical dependency counselor. Three years after she married,
Grace divorced her husband. She filed this negligence action after watching a daytime talk show
in late 1997 that she claims made her realize that Colorito had caused her to believe false
memories.

 Grace claims that the statutes of limitations were tolled. She testified that during
the six years after her therapy ended, she was unable to learn about the harm she had suffered
because of the false memories created by Colorito and because she was heavily medicated and
confused while receiving therapy. Grace voluntarily sought psychological treatment in 1991 and
has never initiated proceedings to be declared mentally incompetent.


DISCUSSION


 The standard for reviewing a motion for summary judgment is well-established: 
(1) the movant for summary judgment has the burden of showing that no genuine issue of material
fact exists and that she is entitled to judgment as a matter of law; (2) in deciding whether there
is a disputed material fact issue precluding summary judgment, evidence favorable to the
nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of
the nonmovant and any doubts resolved in her favor. See Nixon v. Mr. Property Management
Co., 690 S.W.2d 546, 548-49 (Tex. 1995).

 In her motion for summary judgment, Colorito asserted that the statute of
limitations set out in the Medical Liability Act and the general two-year limitation period bar
Grace's cause of action. See Tex. Rev. Civ. Stat. Ann. art. 4590i § 10.01; Tex. Civ. Prac. &
Rem. Code Ann. § 16.003. Where an appellant from a summary judgment does not successfully
attack every possible ground upon which the district court based its summary judgment, the
summary judgment must be affirmed. See Malooly Bros. Inc. v. Napier, 461 S.W.2d 119, 121
(Tex. 1970); Tindle v. Jackson Nat'l Life Ins. Co., 837 S.W.2d 795, 801 (Tex. App.--Dallas 1992,
no writ). Accordingly, if either limitation period applies, we must affirm the summary judgment.


The Medical Liability Act

 For the Medical Liability Act to bar Grace's negligence cause of action against
Colorito, the claim must be a "health care liability claim" and Colorito must be a "health care
provider." See Tex. Rev. Civ. Stat. Ann. art. 4590i §§ 1.03(a)(4), 10.01. These terms are
defined in the statute:


"Health care provider" means any person, partnership, professional association,
corporation, facility, or institution duly licensed or chartered by the State of Texas
to provide health care as a registered nurse, hospital, dentist, podiatrist,
pharmacist, or nursing home, or an officer, employee, or agent thereof acting in
the course and scope of his employment.



§ 1.03(a)(3). Two recent cases have construed this definition of "health care provider." A
psychologist is not a health care provider under the Medical Liability Act. See Lenhard v. Butler 
745 S.W.2d 101, 106 (Tex. App.--Fort Worth 1988, writ denied). The Lenhard court held that
a professional not enumerated in section 1.03(a)(3) is not a "health care provider" under the
statute. In Terry v. Barrinuevo, the court relied on Lenhard's statutory analysis to hold that a
physical therapist is also not a health care provider for purposes of the Medical Liability Act. See
961 S.W.2d 528, 530-31 (Tex. App.--Houston [1st Dist.] 1997, pet. denied). Licensed counselors,
like psychologists and physical therapists, are not included in the statutory definition of "health
care providers," and we thus hold that Colorito is not a health care provider under the Medical
Liability Act.


General Two-Year Statute of Limitations

 Grace's second and third issues concern Colorito's alternative ground for summary
judgment. The general statutory limitation period for personal injury claims is two years,
beginning the day after the cause of action accrues. See Tex. Civ. Prac. & Rem. Code Ann.
§ 16.003(a). Statutes of repose compel the assertion of claims within a reasonable period when
the evidence is fresh in the minds of all parties and witnesses. See Computer Assoc. Int'l, Inc.
v. Altai, Inc., 918 S.W.2d 453, 455 (Tex. 1996). Grace filed her claim six years after her therapy
ended. Absent some exception to the statute of limitations, her claim is barred.


Unsound Mind

 An "unsound mind" tolls the statute of limitations. See Tex. Civ. Prac. & Rem.
Code Ann. §§ 16.001, 16.003. The unsound-mind exception serves to protect people who are
unable to participate in, control, or understand the progression and disposition of a lawsuit. See
Hargraves v. Armco Foods, Inc., 894 S.W.2d 546, 548 (Tex. App.--Austin 1995, no writ). To
prevent a summary judgment on an unsound-mind theory, the non-movant needs to produce
specific evidence that would enable the court to conclude that she did not have the mental capacity
to pursue litigation for a definite period of time, or produce a fact-based expert opinion to that
effect. See Porter v. Charter Medical Corp., 957 F. Supp. 1427, 1438 (N.D. Tex. 1997).

 Grace did not produce expert testimony to show that for several years prior to filing
her claim she lacked the mental capacity to bring a lawsuit. In Porter, the court upheld summary
judgment despite a clinical social worker's testimony about psychological damage generally
experienced by residents in a school for troubled youth. See id. at 1437. Grace offers no
testimony except her own to support the assertion that for at least four years she was of unsound
mind. Expert medical opinions given by a witness who is not shown to have the requisite
expertise has no probative effect. See id. at 1437. Grace testified that she is working to become
a licensed chemical dependency counselor, but she did not produce evidence to show that she is
an expert, qualified to testify regarding her own mental state.

 Grace also failed to testify to specific evidence of a lack of mental capacity which
would have prevented her from bringing a lawsuit for four years or more. She uses only general
terms to describe her therapy, refusing to talk about individual sessions and speaking only about
what usually occurred. She testified that she was heavily medicated but never identified the
medication, the dosage, or her reaction to the drugs. She never provided specific dates to show
how the medication might have caused her to be of unsound mind for such an extended period
after the therapy ended. During the six years in question, Grace married, graduated from college,
and actively participated in her own divorce litigation. Each of these actions tend to show that
Grace was capable of participating in and controlling a lawsuit, but chose not to use the legal
system to pursue this claim against Colorito.

 The authority Grace cites does not support her case. Grace correctly cites Casu
v. CBI Na-con, Inc. for the proposition that raising the issue of mental incompetency is sufficient
to defeat a summary judgment when there are affidavits by medical experts showing that the
plaintiff was mentally incompetent. See 881 S.W.2d 32, 35 (Tex. App.--Houston [14th Dist.]
1994, no writ). Grace offers no such affidavits here.

 Grace also relies on Tinkle v. Henderson, another case where a psychologist's
testimony was crucial to the court's decision to reverse a summary judgment. See 730 S.W.2d
163, 167 (Tex. App.--Tyler 1987, writ ref'd). Tinkle only reinforces the need for expert medical
testimony to defeat Colorito's summary judgment. By relying on her own conclusory statements
without medical testimony, Grace has failed to create a fact issue regarding her mental capacity
sufficient to toll the general statute of limitations. See Tex. Civ. Prac. & Rem. Code Ann.
§§ 16.001, 16.003. We overrule Grace's third issue.


The Discovery Rule

 Grace's assertion that the discovery rule tolls the general two-year statute is
grounded in her claim that she suffered the psychological harms already outlined in her unsound-mind argument. Having rejected that argument, we nonetheless discuss the discovery rule to
clarify why it does not apply to Grace's claim. The discovery rule is a limited exception to the
statute of limitations. See Altai, 918 S.W.2d at 455. Texas courts have recognized the discovery-rule exception to defer the accrual of a cause of action until the plaintiff knew or, by exercising
reasonable diligence, should have known of the facts giving rise to the cause of action. See id.
at 455. The burden rests upon the movant-defendant not only to plead limitations but also to
negate the discovery rule. See Woods v. William M. Mercer, Inc., 769 S.W.2d 515, 518 n.2
(Tex. 1988).

 The discovery rule applies only in cases that satisfy the "unifying principle,"
meaning that the injury must be inherently undiscoverable and the evidence of the injury must be
objectively verifiable. See Altai, 918 S.W.2d at 456. According to the supreme court, expert
testimony regarding repressed memory is not objectively verifiable. See S.V. v. R.V., 933
S.W.2d 1, 19-20 (Tex. 1996). The S.V. court conducted a thorough review of psychological
studies on the subject of repressed or recovered memories of sexual abuse and concluded that the
discovery rule does not apply to repressed or recovered memory cases. See id. at 17-20. Grace
alleges that the discovery rule applies to her case because Colorito caused her to have false
memories. Evidence of false memories is subject to the same pitfalls as repressed or recovered
memories: the extent to which experimental psychological thoeries of amnesia apply to
psychotherapy, the effect of repression on memory, the effect of screening devices in recall, the
effect of suggestibility, the difference between forensic and therapeutic truth, and the extent to
which memory restoration techniques lead to credible memories or confabulations. See id. at 19-20. Opinions in this area simply cannot meet the objectively verifiability element for extending
the discovery rule. See id. at 20. We hold that the discovery rule does not apply in this case. 
We need not consider whether the harms were inherently discoverable since Altai held that the
harm must be both objectively verifiable and inherently undiscoverable for the discovery rule to
apply. See Altai, 918 S.W.2d at 456. Under these circumstances, the discovery rule does not toll
the general statute of limitations in section 16.003. We overrule Grace's second issue.


CONCLUSION

 We conclude that the absolute statute of limitations created by the Medical Liability
Act does not apply because Colorito is not a "health care provider" as defined by the act. 
Nevertheless, Grace's cause of action is barred by section 16.003 of the Texas Civil Practice &
Remedies Code since neither the unsound-mind provision nor the discovery rule tolls the two-year
statute of limitations. We affirm the trial court's summary judgment.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: October 28, 1999

Publish

1. Tex. Rev. Civ. Stat. Ann. art. 4590i § 10.01 (West Supp. 1999).
2. See Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West Supp. 1999).


 to the court's decision to reverse a summary judgment. See 730 S.W.2d
163, 167 (Tex. App.--Tyler 1987, writ ref'd). Tinkle only reinforces the need for expert medical
testimony to defeat Colorito's summary judgment. By relying on her own conclusory statements
without medical testimony, Grace has failed to create a fact issue regarding her mental capacity
sufficient to toll the general statute of limitations. See Tex. Civ. Prac. & Rem. Code Ann.
§§ 16.001, 16.003. We overrule Grace's third issue.


The Discovery Rule

 Grace's assertion that the discovery rule tolls the general two-year statute is
grounded in her claim that she suffered the psychological harms already outlined in her unsound-mind argument. Having rejected that argument, we nonetheless discuss the discovery rule to
clarify why it does not apply to Grace's claim. The discovery rule is a limited exception to the
statute of limitations. See Altai, 918 S.W.2d at 455. Texas courts have recognized the discovery-rule exception to defer the accrual of a cause of action until the plaintiff knew or, by exercising
reasonable diligence, should have known of the facts giving rise to the cause of action. See id.
at 455. The burden rests upon the movant-defendant not only to plead limitations but also to
negate the discovery rule. See Woods v. William M. Mercer, Inc., 769 S.W.2d 515, 518 n.2
(Tex. 1988).

 The discovery rule applies only in cases that satisfy the "unifying principle,"
meaning that the injury must be inherently undiscoverable and the evidence of the injury must be
objectively verifiable. See Altai, 918 S.W.2d at 456. According to the supreme court, expert
testimony regarding repressed memory is not objectively verifiable. See S.V. v. R.V., 933
S.W.2d 1, 19-20 (Tex. 1996). The S.V. court conducted a thorough review of psychological
studies on the subject of repressed or recovered memories of sexual abuse and concluded that the
discovery rule does not apply to repressed or recovered memory cases. See id. at 17-20. Grace
alleges that the discovery rule applies to her case because Colorito caused her to have false
memo